ANDERSON v. GRIFFITH, PLAINTIFF IN ERROR.

**Waiver of Vendor's Lien.** Defendant having sold a tract of land to one P., on the same day bought another tract of plaintiff. For the purchase money of the latter tract plaintiff received defendant's two notes, together with the proceeds of defendants sale to P., which consisted in part of cash and in part of notes executed by P. Defendant conveyed his land to P., and received from plaintiff a title bond for the land bought of him. A year afterward defendant, at the instance and by the advice of plaintiff, by the payment of $100 obtained from P., a mortgage on the land he had sold P. securing the payment of P.'s notes. Defendant's notes were paid, P. failed to pay his, and plaintiff foreclosed the mortgage, realizing a part of the debt only. In a suit to subject the land sold by plaintiff to defendant to the payment of the unpaid balance; *Held* that by advising and accepting the mortgage from P. plaintiff had waived any vendor's lien he might have had upon this land.

*Error to Knox Circuit Court*—HON. E. V. WILSON, Judge.

*E. G. Pratt* for plaintiff in error.

*J. G. Blair* for defendant in error.

NORTON, J.—The plaintiff, F. B. Anderson, on the 26th of May, 1871, filed his petition in the circuit court of Shelby county, and before answer was filed the venue of the cause was changed to Knox county circuit court, in which plaintiff, on the 18th of March, 1873, filed an amended petition making one Randolph a co-plaintiff. The petition alleges that plaintiffs were lately partners in trade, as merchants; that on the 20th of March, 1866, plaintiff Anderson sold to defendant certain lands in Shelby county for the consideration of $2200; that $800 was paid at the time and defendant executed his two notes to Anderson for $200 each, payable in one and two years, with ten per cent. interest from date, and that defendant procured one Pasley to execute to Anderson, for the remaining $1000, his two notes for five hundred dollars each, payable respectively on the 1st day of January, 1867, and 1st day of January, 1868, with ten per cent. interest from the 20th day of

March, 1866; that it was agreed at the time between Anderson and defendant, that said notes should not be con·sidered as payment of the said remainder of one thousand dollars, but that defendant was to be considered bound for the payment of the same, and that a lien should remain on said lands therefor; that on the day of sale said plaintiff, Anderson, executed and delivered to defendant his title bond, binding himself to convey the lands sold to defendant, upon the payment of all said notes, including the Pasley notes; that afterward said Anderson assigned all said notes to plaintiffs Randolph & Anderson; that on the 18th of March, 1868, plaintiffs assigned the said Pasley notes to one Eli Funkhouser; that said Pasley, at the request of defendant, executed a mortgage upon certain land in Marion county to plaintiffs to secure them in the payment of his two notes, and having made default, said Funkhouser instituted suit in the circuit court of Marion county to foreclose said mortgage, and in August, 1868, recovered judgment; that the land was sold under said judgment and was purchased by plaintiff Randolph; that, after applying the proceeds of the sale on said judgment, there was a balance left unpaid of $597.45; that said judgment was assigned by said Funkhouser to plaintiffs; that said Pasley has no property out of which the remainder of said judgment can be made, and that defendant owes plaintiff the uncollected balance of $597.45 on said purchase, with ten per cent. interest from 20th of March, 1866, which they ask to be made a lien on the land sold defendant.

The answer of defendant denies the allegations of the petition, and alleges in substance that defendant, in February, 1866, had contracted to sell certain lands in Marion county to one Pasley for the consideration of $1800, eight hundred dollars of which was to be paid down, and the remaining one thousand to be paid in one and two years, for which said Pasley was to execute his two notes for $500 each, to be secured by mortgage on the land; that on the 20th of March, 1866, plaintiff, Anderson, agreed with de-

fendant to take the proceeds of the sale to Pasley and defendant's two notes, each for $200, payable in one and two years, in payment for certain lands of said Anderson, in Shelby county; that on said day he executed a deed to said Pasley for the Marion county land, and Pasley paid to said Anderson $800 cash, and executed his two notes to Anderson as agreed upon for the remaining $1000; that said Anderson executed his title bond to defendant, and took the two notes of defendant for $200 each; that subsequent thereto he paid off his two notes, and plaintiff executed his deeds to defendant for the land sold, and received from defendant his title bond. The answer also sets up the statute of limitations as a bar to plaintiff's action, and also alleges that there was no note or memorandum in writing of any agreement on the part of defendant to pay the Pasley notes, but that said notes were taken as absolute payment for $1000 of the purchase money of said land. The answer further alleges that the land of Pasley, upon which a mortgage was given, was bought by plaintiff Randolph at a sale made under a decree foreclosing the same, and that Randolph realized therefrom, the sum of $1800, the Pasley debt only amounting to about $1300. The replication of plaintiff puts in issue the new matter set up in the answer, admits the execution of the deed to defendant, but denies that it was delivered to him, and charges that its possession was procured by fraud. The cause was tried by the court, and judgment was rendered for plaintiff for the sum of $975.89, which was declared to be a vendor's lien on the land. From this judgment defendant, after making an unsuccessful motion for a new trial, has appealed.

It appears from the evidence that Anderson, one of plaintiffs sold to defendant certain lands in Shelby county, and, on the 20th of March, 1866, executed and delivered to defendant, his title bond as follows: "Whereas James Griffith has bought of me the se ¼ of se ¼ Sec. 1, except 20 acres out of the northwest corner; also the ne ¼ of se ¼

Sec. 1, and e ½ of ne ¼ Sec. 2, T. 59, R. 9, situated in Shelby county, for and in consideration of the sum of $800, to me in hand paid, the receipt of which is acknowledged, and two promissory notes signed by said James Griffith, bearing date March 20th, 1866, one for two hundred dollars due on the first day of January, 1867, the other for $200 due on the first day of January, 1868, both with interest from date at ten per cent. per annum; also for two notes signed by James M. Pasley, one for five hundred dollars due January 1st, 1867, the other for five hundred dollars due January 1st, 1868, with interest at the rate of ten per cent. per annum; now when the said notes shall be paid according to the tenor thereof, and all interest that may be due thereon, then I bind myself in the sum of twenty-two hundred dollars to make, or cause to be made, a good and sufficient deed to James Griffith to the above described tract of land." On the same day that this bond was executed, and prior to its execution, Griffith, the defendant, agreed to sell his land in Marion county to the said J. M. Pasley, for the sum of $800 cash to be paid down, and said Pasley's two notes for $500 each. Griffith testifies that afterward, and on the same day, he proposed to buy of Anderson the land described in the title bond, and offered to give him $2200 for the same, if he would take Pasley for the $1800 which Pasley had agreed to pay defendant for his farm; that Anderson agreed to take Pasley by his paying $800 down, and his note for $1000; that he gave to Pasley a general warranty deed for the land in Marion, and that Pasley, as agreed, paid $800 to Anderson, and also gave his two notes to Anderson for $500 each; that his deed to Pasley, Pasley's two notes to Anderson, defendant's two notes to Anderson, and the title bond of Anderson to defendant, were all made at the same time. He further testifies that Pasley was to give a mortgage on the land to secure the two five hundred dollar notes. He further testifies that about one year after the title bond was given the plaintiffs sent him word that he must have Pasley execute

a mortgage, or that they would hold him liable for the Pasley notes, that thereupon he paid Pasley the sum of one hundred dollars and procured him thereby to execute a mortgage on the Marion county land, to the plaintiffs, to secure them in the payment of the Pasley notes, which mortgage was accepted by them. Griffith also testifies that he subsequently paid off the two notes of his own for $200 each, received from Anderson a deed to the land mentioned in the title bond, and surrendered the title bond to Anderson.

Anderson, one of the plaintiffs, testifies that he sold the land to defendant for $2200 ; that $800 was paid in cash ; that Griffith, the defendant, executed his two notes for $200 each, and he received two notes of Pasley for $500 each, that the Pasley notes were not received as payment, but to accommodate Griffith and for collection, and that when collected they were to be credited to defendant. He swears that he turned the Pasley notes over to Randolph & Anderson, plaintiffs herein, also that he knew nothing about the mortgage, that defendant came to him and wanted to be released, and he advised him to take a mortgage from Pasley to secure the two five hundred dollar notes. Randolph, the other plaintiff, testifies that about one year after the date of the title bond, defendant paid Pasley $100 to execute a mortgage ; that he had a talk with defendant, and told him to see Pasley and get a mortgage, and defendant did so. He also testifies that the Pasley notes were not taken as payment, but only for collection. Randolph swears that the deed from Anderson to Griffith was delivered without authority. Anderson, who executed the deed, swears that he gave it to one R. E. Anderson, with instructions not to deliver it till the suit was settled. He does not deny, or is silent, as to the delivery to him by defendant of the title bond.

Under the state of facts shown by the evidence, we do not see how the judgment can stand. The evidence is conflicting as to the understanding of the parties in regard to

the two five hundred dollar notes of Pasley. The plaintiffs testify that they were received by them, not in payment of any part of the contract price for the land sold to defendant, but only to be collected, and the amount collected to be credited to defendant. The defendant on the contrary claims that the agreement was that said notes were to be taken in absolute payment for $1000, and that in fact they were so taken by Anderson, and were made payable to him. The title bond does not disclose the contract price in terms, but states that plaintiff Anderson had sold the land to defendant in consideration of $800 cash paid, two notes of defendant for $200 each, and two notes of Pasley for $500 each. These statements in the title bond would seem to sustain defendant's theory that the notes were received in absolute payment for $1000, and negative the idea that they were simply taken for the purpose of collection. It is clear from the evidence that the two notes in question being made payable to Anderson became absolutely his, and gave him the right to dispose of them as his, which right he exercised, for he swears he turned them over to the firm of Randolph & Anderson as so much capital stock in their business. It is, however, said that this view is overthrown by the subsequent stipulation in the bond that "when said notes shall be paid according to the tenor thereof, &c., I bind myself in the sum of $2200 to make, or cause to be made to the said Griffith, a good and sufficient deed." Giving to this language its broadest signification, and construing it so as to include the Pasley notes as well as the Griffith notes, its only effect was to create, by the terms of the bond, a lien for the payment of the Pasley notes on the land to be conveyed. If such was its effect, the question arises, was this lien subsequently waived by Anderson in making the deed to defendant Griffith upon the payment of his two notes, or by the act of Anderson & Randolph in accepting and advising, a year after the transaction, a mortgage from Pasley and wife, to secure the Pasley notes, on the land which defendant had

conveyed to him. Inasmuch as there is a conflict of evidence touching the delivery of the deed to defendant by Anderson, and the surrender by defendant of the title bond to Anderson, we will pass in our consideration that question and consider the legal effect of the mortgage made by Pasley.

There is no dispute in regard to the Pasley notes being made payable to Anderson, nor that he turned the notes over to the firm of Randolph & Anderson, of which the vendor Anderson was a partner. There is no question that long after the execution of the Pasley notes both the plaintiffs advised Griffith, the defendant, who was seventy-five years old when this suit was tried in the court below, to procure a mortgage from Pasley. Both of the plaintiffs swear that they so advised him, and defendant swears that they told him they would hold him liable unless it was done, which was equivalent to saying they would not hold him liable if it were done. The evidence both of plaintiffs and defendant shows that defendant, in pursuance of this advice, paid Pasley $100 to execute the mortgage to plaintiffs to secure the payment of his two notes, to them. Defendant was thus deprived of any lien which he might have had against Pasley for the purchase money of the land he had sold him, and also of the $100 he paid for its execution under the advice of plaintiffs. While defendants thus lost the plaintiffs acquired an independent lien on the land which defendant had sold to Pasley and a new security for the payment of the Pasley notes. This they utilized by foreclosing, selling and buying the land thus mortgaged. Having thus obtained the land itself sold by Griffith to Pasley, and $800 besides, they, in this suit, seek to subject to a vendor's lien the land sold by them to Griffith, the defendant, for the unpaid balance of the Pasley notes. We think this cannot be done; for when they accepted the said deed of mortgage to secure the Pasley notes they thereby waived any vendor's lien on the land

sold by Anderson to Griffith. *Emison v. Whittelsey et al.,* 55 Mo. 254.

Judgment reversed and cause remanded, in which the other judges concur

REVERSED.