86 549
63a 458

## ANDERSON *et al.*, *Appellants*, v. GRIFFITH.

**Practice in Supreme Court**: WEIGHT OF EVIDENCE. The Supreme Court will not pass upon the weight of the evidence, nor determine its credibility and value where it is conflicting, but will defer to the conclusions and findings of the trial court having the witnesses before it.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*U. S. Hall* for appellants.

*McQuoid & Clancy* for respondent.

RAY, J.—This case has been in this court once before, and is reported in 66 Mo. 44, to which reference is here made. The judgment obtained by plaintiff was then reversed and cause remanded, and thereafter the venue was changed to the Adair circuit court. An amended petition was filed in the cause and upon second trial thereof, in the circuit court, there was a finding and judgment for the defendant, from which the plaintiffs have appealed. There is no point made upon the pleadings and it is unnecessary to set them out.

The evidence shows, without a conflict therein, that at the time of the land trade in March, 1866, set out in 66 Mo. 44, the entire proceeds of the Griffith farm in Marion county, to-wit: eight hundred dollars in cash, and Pasley's two notes of five hundred dollars each, were turned over to the plaintiffs, said notes being then made payable to the plaintiffs, with the agreement then made between the parties, that Pasley should secure the payment thereof by a mortgage to be taken in plaintiffs'

name on the Griffith farm in Marion county. Pasley, however, did not then make or deliver said mortgage, nor make or deliver the same in a few days thereafter, as he at the time agreed to do, and did not execute and deliver said mortgage until April, 1867, or about one year thereafter.

The evidence is conflicting as to whether the Pasley notes of five hundred dollars each and the mortgage on the Marion county farm, to secure the same, were to be received and accepted by plaintiffs as a payment of one thousand dollars by Griffith on the Anderson farm in Shelby county, or whether they were to be taken by them as payment conditional, on collection. Defendant Griffith, in April, 1867, procured Pasley and wife to make and execute said mortgage on the Marion county farm to plaintiff, paying Pasley therefor one hundred dollars (which amount Pasley claimed to be damaged on account of misrepresentation made by Griffith as to the lines and amount of land in cultivation), but the evidence is conflicting, whether Griffith was then led and induced to procure the mortgage from Pasley at the instance, advice, and direction of the plaintiff, E. M. Randolph, and upon a proposition from him, to the effect that if he, Griffith, would procure Pasley to make said mortgage to secure his two five hundred dollar notes, as Pasley had agreed to do, and would pay his own two notes for two hundred dollars each, he would let him out and release him from all liability on account of the land trade. The evidence shows that defendant Griffith had paid off both of his said notes for two hundred dollars prior to the date of this suit. Upon the issues of fact, as to which the evidence was, as we have said, conflicting, the finding of the court, as shown by its judgment in the record, was in the defendant's favor, and that plaintiffs were not entitled to any vendor's lien or other judgment in the cause, as claimed in their petition.

When there is a conflict in the evidence, which, as

in this case, is marked, the trial courts have the advantage of the presence of the witnesses in person, testifying in open court, and are better able to determine the credibility, value, and weight of their testimony. We are, therefore, accustomed, ordinarily, to defer to their conclusions and findings, and in this case, we find nothing in the record calling for a departure from our settled rule and custom in this particular.

Finding, therefore, no error in the action of the trial court, calling for our interference, its judgment is, therefore, affirmed, in which all concur.