JUNE TERM
1835.

Bates
v.
Hinton.

to bid, himself bid $500—that the slave was affected with a hidden disease well known to plff.—and that defd. offered to return the slave. Held, that the plea is good.

————◦✳◦————

## BATES v. HINTON.

1. Plea, former recovery in another court—Replication, nul tiel record, concluding with an averment and prayer of debt and damages—no rejoinder, and judgment by default—Held that the judgment by default was properly taken.
2. Debt on bond—plea non est factum without affidavit—Held, error, to strike out the plea for want of an affidavit.
3. Debt on bond—defd. pleaded 1st, that the bond was given for slaves bought of one H., and by him represented to be slaves for life and his property—and avers they were not his property. 2nd, that the bond was given for slaves sold to him by plff. and represented to be his property, and avers she held them by will from her husband, which will made no provision for children—Held that both pleas amount to pleas of failure of consideration—and are bad.

ERROR to the circuit court of Pulaski.

McGIRK Judge, delivered the opinion of the court.

Mary Hinton sued Bates by petition and summons on four several bonds, the defendant pleaded 6 pleas. 1st, payment. 2nd, non est factum. 3rd, set off. 4th, that the bonds were given for three negroes sold by Clayton B. Hinton to defendant, and represented by C. B. Hinton to be slaves for life and to be his property, the

JUNE TERM
1835.

Bates
v.
Hinton.

Plea former recovery in another court—replication, nul tiel record, concluding with an averment and prayer of debt and damages—no rejoinder and judgment by default—Held that judgment by default was properly taken.

Debt on bond—plea non est factum without affidavit—Held, error, to strike out the plea for want of an affidavit.

plea then avers the slaves were not his property. 5th, this plea says Mary Hinton sold these slaves to him and represented them to be her property, and says she held them by will from her husband, which will makes no provision for children. 6th, plea is a former recovery from defendant on the same bonds; issue was taken to the pleas of payment and set off. The plaintiff replied nul tiel record to the plea of former recovery, to which there was no rejoinder, and judgment by default thereon. The plea of non est factum was stricken out on motion for want of an affidavit. The 4th and 5th pleas were demurred to by plaintiff, the demurrer sustained—judgment for the plaintiff Hinton on the issues of fact &c. The first point made is, did the court err in giving judgment by default against the defendant Bates for want of a rejoinder to the plaintiff's replication of *nul tiel record*; we are of opinion there is no error on this point. In 1st Chitty's pleading 520, the law will be found to be that where there is a record pleaded of another court, the replication of nul tiel record may conclude by giving the other party time or a day to bring in the record, or may conclude with an averment and prayer of debt and damages. In the former case the issue is complete, but in the latter case there must be a rejoinder, re-asserting the existence of the record. This is exactly the case here, this former recovery is of another court, the replication prays the debt damages &c., and there should have been a rejoinder. The next point made is, that the court erred in striking out the plea of *non est factum* for want of an affidavit. It has so far as regards suits on unsealed instruments, several times on solemn argument been decided that non assumpsit may be pleaded without affidavit, and that in all such cases the plaintiff is entitled to read the note without any proof of its execution, but then the defendant may under the plea show matter in avoidance. We see no reason for any distinction between the case of a bond and note. The counsel for the defendant in error cites and relies on the case of Parker v. Simpson 1 vol. Mo. R. 539 to support the decision of the court below. The only thing decided there is, that where a plea requires an affidavit the want of it cannot be taken advantage of by demurrer. But the party must, where the affidavit is necessary, treat the plea as a nullity or may move to set it aside. This decision leaves the question entirely open what shall be done where the affidavit must be made. The want of the affidavit entitles the plaintiff to read his bond, and then the defendant may

still show the deed is not his by showing coverture, duress &c. We are of opinion the court erred on this point. The next question to be considered arises on the fourth and fifth pleas. The fourth plea asserts that the defendant bought the slaves for which he gave the bonds to Clayton B. Hinton, and that Hinton had no title. This presents the question of the failure of consideration.

The authorities cited by the defendant in error prove that the plea is bad. See authorities 2 Bl. Com. 446. 2 J. R. 177, 179 in note 13. do 430. The fifth plea is the same in law. That Mary Hinton had no title and must be decided by the same principles. If in this case fraud had been pleaded, this case would be different as decided by this court in the case of Casey v. Smales. The judgment is reversed because the court struck out the plea of non est factum. The cause is remanded to the circuit court for further proceedings in conformity to this opinion.