HANCOCK v. WHYBARK *et al.*, *Plaintiffs in Error.*

1. **Evidence**: THE RECITALS IN A TRUSTEE'S DEED purporting to be executed in pursuance of a power of sale given by a deed of trust, are of themselves, no evidence of the facts stated, unless made so by express provision of the deed of trust, (*following Neilson v. Chariton Co.*, 60 *Mo.* 386; *Vail v. Jacobs*, 62 *Mo.* 130).

2. ———: TRUSTEE'S AFFIDAVIT OF NOTICE: ADVERTISEMENT. The affidavit of a trustee in a deed of trust showing compliance with a requirement of the deed that he should give notice of sale by posting an advertisement in ten public places before proceeding to sell under it, is not admissible in evidence as a publisher's affidavit within the meaning of section 7. p. 125, Wag. Stat. He must be introduced as a witness to prove the fact.

3. **Deed of Trust**: EVIDENCE: ESTOPPEL. Evidence showing that the power of sale was extinguished by payment of the debt, before the sale under the deed of trust, is admissible where the purchaser at such sale is the *cestui que trust*, and is seeking to recover possession of the property purchased from the grantor in the deed of trust. But, evidence of facts constituting an estoppel against the grantor from setting up such a defense, is also admissible.

4. **Deed of Trust**: EVIDENCE is admissible to show that a portion of the property seized by the sheriff, under a writ of replevin, as appurtenant to certain personal property conveyed by a deed of trust, was not a part thereof when the deed was executed, and was not included therein. Whether it passed as after acquired property is a question of law for the court on the facts proven.

*Error to Wayne Circuit Court.*—HON. R. P. OWEN, Judge.

*Henry Flanagan* and *B. Zwart* for plaintiffs in error.

1. This is a direct action between the parties to the deed of trust for the possession and determination of title to the very property claimed to be conveyed thereby, before the property had been demanded or had gone out of the defendant's possession. It was competent to prove payment of the debt, and consequent extinguishment of the power to sell. The fact that a large portion of the property was not covered by the deed of trust, or any other fact tending to disprove plaintiff's title, ownership or right to the possession of the property taken, was competent.

1 Hill on Mort., (4 Ed.) p. 593, § 23; p. 147, § 24; *Green-way v. James*, 34 Mo. 326; *Weston v. Clark*, 37 Mo. 568; *Gray v. Parker*, 38 Mo. 160; *Cameron v. Irwin*, 5 Hill 272, 275; Chitty on Cont., (10 Am. Ed.) 399, 400; 2 Hill on Mort., p. 379.

2. The execution of the trustee's deed and the notice of sale was not proven.

*J. W. Emerson* and *J. P. Dillingham* for defendants in error.

The trustee's deed was sufficient, and conclusive evidence of title, and could not be attacked collaterally. The proceeding should have been in equity to set aside the sale. Until that is done, the sale and deed must stand. *Haeussler v. Mo. Glass Co.*, 52 Mo. 453; 2 Starkie Ev., p. 544; 2 Bibb, 311, 321; *Pilkington v. Trigg*, 28 Mo. 99.

HOUGH, J.—This was an action brought in the circuit court of Wayne county, under the statute in relation to the claim and delivery of personal property, for the recovery of "one circular saw mill, one steam engine, one steam boiler, and the necessary running apparatus thereto belonging." On the 11th day of April, 1872, the defendants executed a deed of trust, whereby they conveyed the property sued for to one B. F. Carter, as trustee, to secure the payment of certain obligations made by them to the plaintiff. On the 22d day of July, 1872, the trustee, assuming to act under the power conferred upon him by the trust deed, sold said property to the plaintiff at public sale, and executed to him a bill of sale, or rather a formal deed, therefor. The sale took place at the court-house door in Centreville, Reynolds county, the place appointed in the deed, but the property was not present at the sale, and was not actually delivered to the plaintiff. The defendants having refused to surrender the same, plaintiff instituted the present action. At the trial plaintiff offered in

evidence the deed of trust, the trustee's deed to him, reciting the trust deed, the default, the notice of sale, sale and purchase by plaintiff, and the affidavit of the trustee, that he had posted ten copies of the notice of sale, in ten public places, as required by the deed of trust, all of which were admitted against the objections of the defendants, that the execution of the deeds was not proven, and that the affidavit of the trustee was incompetent.

The only evidence of a sale and purchase by the plaintiff, was the instrument in form of a deed, made to him by the trustee. There was no proof of its execution, nor was there any evidence of the truth of the recitals it contained; nor were the recitals themselves made *prima facie* evidence of their truth by the provisions of the deed of trust. This instrument was, therefore, improperly admitted in evidence. *Neilson v. The County of Chariton,* 60 Mo. 386; *Vail v. Jacobs,* 62 Mo. 130.

1. EVIDENCE: the recitals in trustee's deed.

Nor was the affidavit of the trustee competent evidence. He should have been introduced as a witness. Section 7 of the statute in relation to advertisements, is inapplicable to a case like the present.

2. ———: trustee's affidavit of notice: advertisement.

The defendants offered to prove that the deed of trust under which the plaintiff claimed, was satisfied and extinguished by the payment of the debt thereby secured to be paid, before the sale made by the trustee thereunder; but the court rejected the testimony holding, as declared in one of the instructions, "that the sale of personal property by a trustee under a deed duly executed and regular upon its face, cannot be attacked in a collateral proceeding, and can only be attacked by the grantor in the deed of trust, or those claiming under him by a direct proceeding to set the same aside." Testimony showing that the power of sale conferred upon the trustee had been extinguished by payment of the debt, is undoubtedly admissible in a case like the present, as the

3. DEED OF TRUST: evidence: estoppel.

counsel for the plaintiff now concedes; but he insists that the defendants were, by their conduct at the sale, estopped to make such proof. As all the testimony showing what transpired at the sale was excluded by the court, the plaintiff cannot rely upon it in this court as constituting an estoppel. Evidence of the payment of the debt, and of the facts constituting the estoppel, if any such existed, should have been admitted by the court.

The defendants should also have been permitted to show, if they could, that part of the property seized by the sheriff as appurtenant to the engine and machinery of the mill, was not a part thereof when the trust deed was executed, and was not included therein. Whether it passed as after acquired property, was a question of law for the court on the facts proven. For the errors above indicated, the judgment of the circuit court will be reversed and the cause remanded. The other judges concur.

4. DEED OF TRUST: evidence.

REVERSED.