AUGUSTINE DeLAUREAL, Respondent, v. HERMAN KEMPER ET AL., Appellants.

### May 18, 1880.

1. An entry of satisfaction of a deed of trust on the margin of the record thereof, by one claiming to be assignee of the deed and note secured thereby, but who is in fact a stranger thereto, and not in possession thereof, is void.

2. In the absence of an agreement to the contrary, the transfer of a secured note carries with it the equitable ownership of the security, and the transferee need do nothing to protect his title.

3. The recitals in a trustee's deed, of facts connected with the execution thereof, are not evidence of the facts stated, unless made so by express provision of the deed of trust.

4. Where no declaration of law is asked or given, the presumption is that the court, sitting as a jury, correctly assumes the law, and that its findings of fact are in accordance therewith.

5. A trial court is not bound to give instructions not asked by either party.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Reversed and remanded.*

KEHR & TITTMANN and L. GOTTSCHALK, for the appellants: The fraud in the entry of satisfaction must be brought home

to the purchaser, or the entry will protect him. — *Vallé* v. *American, etc., Co.*, 27 Mo. 463. The assignee may protect himself by recording his assignment. — *Bank* v. *Anderson*, 14 Iowa, 544 ; *Henderson* v. *Pilgrim*, 22 Texas, 476. The note is governed by the law-merchant, and the mortgage by the law of real property. — *Potter* v. *McDowell*, 43 Mo. 93 ; *Linville* v. *Savage*, 58 Mo. 248. The mortgage may be extinguished, and the note secured remain intact. — *Logan* v. *Smith*, 62 Mo. 455. The transferee of a secured note may, by his negligence, or even by his silence, lose the security. — *Anderson* v. *Baumgartner*, 27 Mo. 80 ; *Mitchell* v. *Ladrew*, 36 Mo. 533. The recitals in a trustee's deed, purporting to be executed in pursuance of a power of sale given by a deed of trust, are not evidence of the facts stated, unless made so by express provision of the deed of trust. — *Hancock* v. *Whybark*, 66 Mo. 672 ; *Vail* v. *Jacobs*, 62 Mo. 130 ; *Neilson* v. *Chariton*, 60 Mo. 386.

G. M. STEWART and J. L. HORNSBY, for the respondent : The assignment or transfer of a note secured by a deed of trust carries with it the security as an incident, and the assignee is subrogated to all the rights and equities of the person from whom he purchased. — *Anderson* v. *Baumgartner*, 27 Mo. 80 ; *Mitchell* v. *Ladrew*, 36 Mo. 526 ; *Chappell* v. *Allen*, 38 Mo. 213 ; *Potter* v. *Stevens*, 40 Mo. 229 ; *Potter* v. *McDowell*, 43 Mo. 93 ; *McQuie* v. *Peay*, 58 Mo. 56 ; *Watson* v. *Hawkins*, 60 Mo. 550 ; *Kansas City Savings Assn.* v. *Matson*, 61 Mo. 435 ; *Christian* v. *Newbury*, 61 Mo. 446 ; *Logan* v. *Smith*, 62 Mo. 455 ; *National Bank* v. *Matthews*, 98 U. S. 621. The entry of satisfaction on the margin of the record of a mortgage, by one assuming to be assignee of the secured note, is void. — *Seitz* v. *Durning*, 8 Mo. App. 208.

LEWIS, P. J., delivered the opinion of the court.

This is an action of ejectment. Both parties claim under Michael Fitzpatrick. On May 29, 1872, Fitzpatrick agreed with B. J. Reilly, a real estate and loan agent, for a loan of

$3,500, and executed his note for that amount, together with interest-notes, payable three years after date, in favor of James Clements, and secured the same by a deed of trust on the lots here in controversy. Clements indorsed the notes, '' without recourse,'' and handed them to Reilly, who delivered the money to Fitzpatrick. In December, 1872, Reilly sold and delivered the notes to J. B. DeLaureal. In 1874, Fitzpatrick went to Reilly and solicited an increase of the loan. Reilly told'him that there could be no increase without a prior satisfaction of the old deed of trust, and that then a new deed would be taken for the larger loan. Fitzpatrick thereupon made an arrangement with C. C. Hartman, by which Hartman was to furnish the means for satisfying the old indebtedness, and Fitzpatrick was to give him a new deed of trust, and notes for $4,800, to cover the sum so advanced, together with an additional loan. Hartman accordingly paid to Reilly the amount due on the first loan, and Reilly, as '' assignee of the *cestui que trust*,'' entered satisfaction on the margin of the record of the first deed of trust. This was about one year before the maturity of the debt. E. F. Schreiner was named as trustee, and Antoine Leysath as *cestui que trust*, in the deed taken by Hartman. It appears that when Reilly entered the satisfaction on the margin of the record, he did not produce the notes, but promised to deliver them in a short time to the maker. There was a conflict in the testimony as to the reasons then given by him for not having them in his possession.

On September 26, 1876, the property was sold under the Schreiner deed of trust, and the defendant Kemper became the purchaser. On November 20, 1876, by direction of J. B. DeLaureal, or his agent, who still held the original note for $3,500, there was a sale under the first-mentioned deed of trust, at which the property was purchased by the plaintiff.

The principal question involved is, whether Reilly's entry

of satisfaction on the margin of the record was void for all purposes, or was sufficient to put the defendant Kemper in the position of an innocent purchaser acting upon lawful and sufficient information that the first deed of trust was extinguished, and therefore acquiring a perfect title under the second. The defendants maintain the latter alternative.

The doctrine contended for by the defendants would place every holder of a deed of trust or mortgage-security completely at the mercy of any stranger who might choose to walk into the recorder's office, and, describing himself as assignee of the mortgagee or *cestui que trust*, enter satisfaction on the margin of the record. There can be no law which would thus deprive a man of his property, without any contributory act or omission on his part. At the time of this marginal entry, Reilly was an entire stranger as to any ownership or interest in the deed of trust, or the notes secured by it. His name did not appear upon either, and he did not show himself to be in possession of the one or the other. Hartman and Fitzpatrick took upon themselves all risks as to the truth or untruth of Reilly's representations of his authority to enter the satisfaction. Upon what principle should DeLaureal, the real holder of the notes and their security, be held responsible for this blind confidence, to which he was no consenting party, which he did not indorse or encourage, and of which, in fact, he was wholly ignorant? It is not shown that he misled anybody by a misrepresentation of the facts, or that he was silent when he ought to have spoken. He was never called upon to speak.

The defendants insist that DeLaureal was bound to record his assignment of the notes and deed of trust, and that, having failed to do so, he is responsible for any error into which others may have fallen for want of the notice which such recording would have imparted. Such is not the law in Missouri. It has been decided over and over again that

the transfer of a note secured by a deed of trust or mortgage, in the absence of any agreement to the contrary, carries with it the equitable ownership of the security. The transferee then holds this equitable ownership against all the world, without the doing of any act to perfect his title, or to protect it against mere strangers. This incidental investiture of an equitable right by operation of law is not a conveyance, within the meaning of the statutes concerning the recording of deeds; nor is its holder required to stand at all times in the recorder's office to warn intruders against tampering with the record of his security. The vigilance of the law will be sufficient for the protection of his property, without any such extraordinary precautions.

At the instance of the plaintiff, the court, sitting as a jury, declared the law to be that, if Reilly was not, and DeLaureal was the owner and holder of the notes secured by the deed of trust, at the time of Reilly's entry of satisfaction on the margin of the record, then the said entry of satisfaction by Reilly was invalid, and of no legal effect. This is a correct legal proposition, taken as it stands. But the defendants complain that the instructions should have covered more ground; that they should have declared the law upon the various points made by the defence; and because they failed to do so, the judgment should be reversed. The points alleged to have been thus ignored involved mixed questions of law and fact — such as, whether there was an estoppel against the plaintiff; whether the defendant was a *bona fide* purchaser, entitled to protection; and others of similar character. If the exigencies of the defendant's case required that upon these, or any other points, the court should declare the law applicable to the facts as found, it was the privilege and duty of the defendants to offer such instructions as would fit their several hypotheses of fact. But they asked for no instructions at all. A trial court is not bound to give instructions demanded by neither party. It was the defendants' own fault

if the omission complained of has in any way prejudiced their case.

Where the court, sitting as a jury, makes no declaration of the law applying to a given issue of fact, as to which there is substantive testimony on both sides, the presumption is that the court correctly assumes the law governing that issue, and that its finding of the facts is in harmony therewith. It follows that there can be no disturbance by an appellate court of such a finding. An application of this rule excludes from our consideration nearly all the points elaborated in the carefully prepared brief for defendants. We must assume that, in so far as the defendant's legal propositions are well founded, the court below recognized and adopted them; and that its adverse finding was upon the controverted questions of fact. Thus, as to the law points decided by the Circuit Court, there is here nothing for review; and as to the findings of fact, there having been testimony tending to prove either side of the issues, a well-established rule requires us to leave them undisturbed. Had the defendants asked for proper declarations of law, and had the court refused them, the result might be different.

It is argued for defendants that defendant Kemper was a purchaser in good faith at the sale under the second deed of trust, and therefore is entitled to be protected in his purchase. This is a *non sequitur*. Men lose, in all sorts of transactions, by their own mistakes or errors of judgment, committed in the utmost possible good faith. They must abide the natural consequences, unless the loss may be made to fall on some other person, who, by a wrongful act or omission, has induced the mistake or error. If Kemper is to be protected in his purchase, the plaintiff must lose; and yet it is not shown that either she or DeLaureal, under whose trust she claims, was connected in the remotest degree with the false entry of satisfaction, or with any other cause moving Kemper to his unfortunante purchase. The

error began with those who invested in the second deed of trust upon insufficient evidence that the first was released by the proper party. The second deed was worthless against the first, which remained in force. Kemper purchased under the worthless deed, upon the like insufficient evidence. That he did so in good faith cannot help him, to the detriment of the plaintiff, who, and whose predecessors, have neither committed any error, or caused one to be committed by others. The case of *Vallé* v. *American, etc., Co.*, 27 Mo. 455, relied on by defendants, does not sustain their position. There, the entry of satisfaction of the mortgage was made by the attorney-in-fact of the mortgagee, and in his name. This was held to raise a *prima facie* case of lawful release, and the burden of proof was thrown on the mortgagee, to show that the entry was procured by fraud. But, in the case before us, the entry of satisfaction was made neither by the real *cestui que trust*, nor by his agent or attorney, nor even in his name. It was made by one having no interest or title whatever in the matter, and in his own name as assignee, which in fact he was not. The cases are not parallel. How can a *prima facie* case be raised against a mortgagee by the act of one who not only has no authority to represent him as agent or attorney but who does not even profess to act for any other than himself? The entry in the present case was not merely voidable for fraud; it was an absolute nullity from the beginning.

Defendants objected to the introduction in evidence of the trustee's deed to the plaintiff, on the ground that it was incompetent, and passed no title. The objection was overruled, and the defendants excepted. The only provision in the original deed of trust concerning the effect of recitals to be contained in the trustee's deed to the prospective purchaser, was in these words: "A recital wherein of the request of the holder of said notes that they should proceed to sell, of the publication of said notice, and, in case of

sale by the sheriff of St. Louis County, of the happening of any or either of the events making him successor in this trust, shall be received in all courts of law or equity, and to all intents and purposes, as full and sufficient proof thereof.'' The trustee's deed recited all the facts necessary, under the terms of the deed of trust, to validate the sale and conveyance. But, according to repeated decisions of the Supreme Court, these recitals were not evidence of the facts recited, when not made so by the terms of the original deed. *Hancock* v. *Whybark*, 66 Mo. 672. The plaintiff in this case relied upon the recitals only to show that the trustee sold the property at the time and place, and in the manner designated and specified in the deed of trust and the notice of sale ; and that the plaintiff, being the highest bidder, became the purchaser. All these facts must affirmatively appear, in order to the validity of such a transfer of property. They were not shown by any proper testimony, and the court erred, therefore, in treating the trustee's deed to the plaintiff as a valid and effective conveyance.

For this error, the judgment must be reversed and the cause remanded. Judge HAYDEN concurs ; Judge BAKEWELL not sitting.