MARIAN ZERVIS, Defendant in Error, v. FRANK UNNER-STALL, Plaintiff in Error.

St. Louis Court of Appeals, February 28, 1888.

1. PROMISSORY NOTE—PROOF OF EXECUTION.—In a suit on a promissory note, the plaintiff is under no obligation to prove the execution, when this is not denied by plea verified as the statute requires, although the petition wrongly states the maker's name.

2. —— PART PAYMENT—STATUTE OF LIMITATIONS.—A part payment on a promissory note by the administrator of a deceased joint maker will prevent the running of the statute of limitations in favor of the other maker on the residue unpaid.

3. PRACTICE—PRESUMPTION IN FAVOR OF FINDING.—In the case of a trial by the court without a jury, no declarations of law being asked for or given, it will be presumed that the court correctly applied the law to the facts found by it from the properly admitted evidence.

ERROR to the Cape Girardeau Court of Common Pleas, HON. ROBERT L. WILSON, Judge.

*Affirmed.*

J. B. DENNIS, for the plaintiff in error: The allowance of the note against Vollmers' estate.was a judgment to be entered of record. Rev. Stat., sec. 192; *Dullard v. Hardy*, 47 Mo. 403; *Kennerly v. Shepley*, 15 Mo. 640; *McKinney v. Davis*, 6 Mo. 501. And the note as against Vollmers became merged in the judgment. *Goddard v. Williamson*, 72 Mo. 131; *Leech v. Asher*, 20 Mo. App. 656; *Stewart v Vernon County*, 64 Mo. 408. The petition charges that Henry Vollmers and Frank Unnerstall, under the name of Franz Unnersoll, executed and delivered the note, etc. If the unusual allegation (*et praeterea nihil*) in this petition, as to this fact, is such as to require an affidavit in order to make a complete denial, still the failure to do so admits only the execution; all other advantages under his plea are still open to defendant. *Bates v. Hinton*, 4 Mo. 78; *Payne v. Snell*, 4 Mo. 238; *Snowden v. McDaniel*, 7 Mo. 313; *State v. Ferguson*, 9 Mo. 288.

MAURICE CRAMER, for the defendant in error: No declarations of law having been asked or given, the presumption is, that the court, sitting as a jury correctly assumes the law and that its findings of fact are in accordance therewith. *DeLaureal v. Kemper*, 9 Mo. App. 77. Though the allowance of said demand against the estate of Vollmers may be a judgment, yet still it was only such as to Vollmers or his estate, and did not affect the right of the claimant to sue and obtain a judgment against the surviving obligor. Rev. Stat., sec. 659. Payment of a portion of the debt by the personal representative of one of the obligors in a promissory note, or similar obligation before the expiration of the statutory period, would prevent the operation of the statute against the co-makers,' as effectually as a part payment by the deceased would, had he been living. *County of Vernon v. Stewart*, 64 Mo. 608; *Leech v. Asher*, 20 Mo. App. 656. The defendant being charged with the execution of the instrument sued upon, does not deny the

execution under oath; the execution of it, therefore, stands confessed. Rev. Stat., sec. 3653.

ROMBAUER, J., delivered the opinion of the court.

This action is based upon a promissory note charged to have been executed by one Henry Vollmers and the defendant jointly, bearing date June 14, 1868, and payable twelve months after date to defendant's order.

The petition avers the following facts: Vollmers paid interest on the note for the years 1869 and 1870, and died in 1871. The defendant was appointed his administrator shortly thereafter, and in the same year, while defendant was such administrator, the note was presented for allowance against Vollmers' estate, and allowed. In 1874, the defendant resigned as administrator and one Burrough was appointed his successor *de bonis non*. Burrough made three payments on the claim thus allowed, which, at their respective dates, were endorsed by him upon the note, the last of such payments being made April 12, 1877. This action was instituted July 23, 1886.

The defendant filed an unverified answer containing a general denial and the plea of the statute of limitations of ten years.

The cause was tried by the court without the intervention of a jury. No instructions were asked or given. The court rendered judgment for plaintiff. We shall notice the errors assigned in their order.

The first is, that the court erred in holding the defendant liable for the contracts of the obligors in the cause of action. The meaning of this assignment is not quite clear. The petition charges that the promise was made by the defendant under the name of Franz Unnersoll. A denial of this statement without oath admits the execution of the note as charged. The cases of *Payne v. Smith*, 4 Mo. 78; *Snowden v. McDaniel*, 7 Mo. 313, and *State to use v. Ferguson*, 9 Mo. 288, were decided under a different law. Under the present statute (Rev. Stat., sec. 3653) the execution of the instrument

by the party charged to have executed the same stands confessed, unless denied by him under oath by a verified plea. As there was no such denial in this case plaintiff was not under obligation to offer any proof on the subject. The exception is untenable.

The next and only other exception is, that the court erred in admitting in evidence, against defendant's objections, credits placed upon the note by the administrator, Burrough. The defendant's objection was on two grounds, first, that the administrator of a coöbligor cannot by such payment avoid the statutory bar, and next, that these payments were made upon the allowed demand, which was a judgment, and not upon the note.

Both grounds of this objection are effectually disposed of by the decision of the Supreme Court in *Vernon County v. Stewart*, 64 Mo. 411, which pointedly holds that part payment by an administrator of one of the joint makers of a note, after the same has been allowed as a claim against the estate, will prevent the running of the statute in favor of the other maker on the residue of the note. Whether this view conflicts with our individual views is not material. We have intimated what those views were in *Leach v. Ascher*, 20 Mo. App. 660, stating that we are bound by the decision of the Supreme Court.

These are the only two questions which the record presents for review. As the evidence properly admitted was sufficient to warrant the finding, it must be presumed, in the absence of declarations of law asked or given by the court, that it correctly applied the law to its own finding of facts. *DeLaureal v. Kemper*, 9 Mo. App. 77.

Judgment affirmed. Judge Thompson concurs. Judge Lewis is absent.