IRVIN, Respondent, v. RIDDLESBURGER, Appellant.

1. A. sued B. to recover the value of carpentry work done for the latter; B. in his answer set up that the alleged work was done in so unworkmanlike a manner as to be valueless, and claimed by way of counter claim the sum of six hundred and four dollars that he had advanced to A. during the progress of the work, and that was allowed as a credit in the account filed with plaintiff's petition; to this counter claim no reply was filed. The court, at B.'s instance, instructed the jury that if the six hundred and four dollars advanced by B. was more than the work done was worth, they should "find for defendant whatever amount they may consider said work worth less than said sum." The jury found for plaintiff the balance claimed to be due him. *Held,* that the defendant was not, under the circumstances, aggrieved by the refusal of the court to instruct the jury that the allegations of the answer with respect to the set-off or counter claim were admitted by the pleadings to be true, *there* being no reply thereto.
2. The supreme court will not grant new trials on the ground that the verdicts of juries are against the weight of evidence.

*Appeal from Kansas City Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Ryland & Son, Chrisman & Comingo,* for appellant.

*Smith & Bouton,* for respondent.

NAPTON, Judge, delivered the opinion of the court.

There are two grounds upon which it has been urged that this judgment ought to be reversed. The first is, that the court refused to give the third instruction asked by the defendant, which, in substance, declared to the jury that, as the defendant's counter claim for six hundred and four dollars was not replied to, they would consider it as admitted and

Irvin v. Riddlesburger.

render their verdict acccordingly. The other ground relied on is that the verdict is against the evidence.

In relation to the first point, it seems to us that a concession of the propriety of this instruction would not lead to a reversal of the judgment. Admitting that the defendant's answer contained new matter constituting a counter claim, within the meaning of the fifteenth section of the sixth article of the practice act, (R. C. 1855, p. 1238,) and that the plaintiff's failure to reply brought the case within the sixteenth section of the same article, yet it could certainly tend to no good purpose, under the circumstances of this case, to send the case back to have this error corrected. The jury passed upon the counter claim under instructions from the court and rejected it. The case was tried precisely as though a replication had been put in.

The plaintiff's bill of particulars gave the defendant credit for the six hundred and four dollars which he claimed to have advanced on the work as it progressed, and the jury allowed the same as a credit; but as they allowed the bill, after deducting the credit, they of course found against the counter claim. The counter claim set up that the work was so badly executed by plaintiff that it was worth nothing, and therefore that the six hundred and four dollars advanced ought to be returned. But the jury, under the allegations of plaintiff's petition and the instructions given at defendant's request, found that the work was done in a workmanlike manner, and that the prices charged were reasonable. If the case is sent back to have a formal replication filed, which, of course, would have been done on the trial but through inadvertence, we have no right to anticipate any different result from that reached before, unless, indeed, the verdict was against the evidence before; and that is another and distinct ground for reversal, and must stand or fall by itself.

The practice of this court in relation to the verdicts of juries, which the circuit courts refuse to set aside, is so well settled that it is needless to refer to the cases. There is

nothing in the circumstances of the present case to induce or authorize any relaxation of the rule. The action is brought to recover the amount of a carpenter's bill for work done and materials furnished, and a jury is the best tribunal to try cases of this kind. The specified ground of complaint in this case shows the folly of any interference on the part of this court in such cases. It is alleged here that there was no evidence to support the four or five items following the first in the bill, amounting to about three hundred and fifty dollars. That these items are for furnishing the timber for the girders, posts, sills, &c., when there was not only no proof that the plaintiff furnished the timber, but it clearly was proved by his own witnesses that the defendant furnished all the materials except nails and weatherboarding. If these items were understood at the trial to mean charges for materials, instead of work done on materials, and the materials were not in fact furnished by plaintiff, it is most remarkable that a fact which could be so easily established should be left in doubt; and if overlooked upon the trial before the jury, it is singular that, upon a motion for a new trial, the failure to prove so large a portion of the claim should have escaped the attention of the court. But we suppose the items referred to are not designed as charges for materials but for some work bestowed on them, probably framing and raising them; and, upon this hypothesis, we find on looking into the testimony that the first witness introduced by the plaintiff proves the charges to have been reasonable and customary. It is true there is no direct proof that the defendant did this work; but it was charged and not denied in defendant's answer. The answer did not deny that the work was done, but admitted it was done; but set up as a defence that it was done in so bungling a manner as to be worth nothing.

There is no ground, therefore, for disturbing this verdict on account of its being against evidence or unsupported by evidence. The jury and court before whom this case was tried understood the facts much better than we do; but as the case has been sometime before the court, and the point

has been urged with great apparent confidence by the appellant, we have looked with more than ordinary care into the bill of exceptions to see if there was, as alleged, a total failure of evidence, and the result has been, as stated, that we do not feel warranted in disturbing the verdict upon any of the grounds suggested.

The judgment is affirmed; the other judges concurring.