————o————

H. M. HOLDEN, Defendant in Error, *vs.* S. D. VAUGHAN, *et al.*, Plaintiffs in Error.

1. *Execution sale, motion to set aside on ground of fraud—Review of evidence— "Equity side" of court—Practice—Abolition of old distinction in forms ; but retention of matter of substance in pleadings.*—On motion to set aside an execution sale, on the ground of fraud ; *Held,* 1st, that this court would not review the evidence, this being a *law case,* notwithstanding the allegation of *fraud.* 2d, That the only way to reach the *"equity side"* of the court, is not by *motion,* but by appropriate procedure ; the distinctive characteristic of the two systems, Law and Equity, still remaining as well pronounced as before. *Semble,* that mere inadequacy of price, insufficient ground for setting aside sale.

*Error to Jackson County Circuit Court.*

*Wash Adams, Jr.*, for Plaintiff in Error, cited: State vs. The St. Louis Circuit Court, 41 Mo. 574; Nelson vs. Brown, 23 Mo. 13; Wooton & Wooton, vs. Hinkle, 20 Mo. 290; Neal vs. Stone, 20 Mo. 294; Stewart vs. Nelson, 25 Mo. 211, 309; Stewart vs. Severence, 43 Mo. 322; Turner & Knight vs. Adams, 46 Mo. 95; 1 Stor. Eq. Jur. § 193; Schofield vs. Templer, Eug. Chan. 155; Hartoop vs. Hartoop, 21 Bevan, 259.

*A. A. Tomlinson*, for Defendant in Error, cited: Hann. & St. Joe. R. R. vs. Brown, 43 Mo. 294; Duncan vs. Saunders, 50 Ill. 475; Boyd vs. Ellis, 11 Iowa, 97; Wallace vs. Berger, 25 Iowa, 456; King vs. Thrope, 26 Iowa, 283.

SHERWOOD, C. J., delivered the opinion of the court.

Motion to set aside, on the ground of fraud, a sale under execution; evidence conflicting; no declarations of law asked and motion overruled.

Repeated decisions of this court have established, if frequent adjudication has that effect, that in law cases we will not weigh the evidence. (Garneau vs. Herthel, 15 Mo. 191; Irwin vs. Riddlesbarger, 29 Mo. 340; Wielandy vs. Lemuel, 47 Mo. 322; Cape Girardeau Mill Co. vs. Bruihl, 51 Mo. 144; Twiss vs. Hopkins, 50 Mo. 393; Doering vs. Saum, 56 Mo. 479; Beattie vs. Hill, 60 Mo. 72; Sangman vs. Hersey, 43 Mo. 122; Blankenship vs. N. M. R. R. Co., 48 Mo. 376.)

There is therefore, in this case, nothing for us to review. It seems to be thought that, because the motion charges *fraud*, this brings the case on the *" equity side "* of the court, and authorizes a review by us of the evidence. This position is untenable. If you may come on the equity side of the court with one motion, you may with another; and thus gain an undue advantage over your adversary, who would be unable to tender a formal and specific denial to the matter of the motion, and thus indirectly overthrow the prescribed method of pleading.. Equitable aid must be sought in the usual way and cannot be obtained by *motion.* (Hull vs. Sherwood, 59 Mo. 172; Phillips, Nimick &

Co., vs. Evans, 64 Mo. 17.) The cases of Stewart vs. Severence (43 Mo. 322), Turner vs. Adams (46 Mo. 95), Stewart vs. Nelson (25 Mo. 309), were all proceedings in the nature of bills in equity, the substance of the petition, and the nature of the relief prayed, being the same. In Nelson vs. Brown (23 Mo. 13), there was a rule to show cause why the sale should not be set aside, and to this an answer filed, setting forth in answer to the rule all that could have been set forth had the rule to show cause assumed the shape of a petition, and the cause was heard on the issues thus raised, and was, though irregular, in effect an *equitable* proceeding, and very much resembles in these respects, the case of Semple vs. Atkinson (64 Mo. 504).

In Wooten vs. Hinkle (20 Mo. 290), there was a special finding of facts, and the law was declared. This afforded opportunity to review the finding, as the finding of the facts was in the nature of a special verdict (Wielandy vs. Lemuel, 47 Mo. 322), or an agreed state of facts, and afforded something which this court could review, and this although the law was not declared. (Stone vs. Corbett, 20 Mo. 350.) In Neal vs. Stone (20 Mo. 294), the evidence was examined on the motion to set aside the sale, but in neither of the two cases just cited was the point, whether this court would weigh evidence in law cases, passed upon or considered.

Although the distinctions in the mere matter of *forms*, of pleading, has long since been broken down by the code, yet the distinctive and salient characteristics of the two systems, law and equity, still remain as well pronounced as before. (State vs. St. Louis Circuit Court, 41 Mo. 574.)

As to the inadequacy of the price realized at the sale, even could we look into the evidence, this would afford no ground for setting aside the sale, unless the inadequacy were so great as to shock the moral sense. (Hann. & St. Joe. R. R. Co. vs. Brown, 43 Mo. 294; Stoffel vs. Schroeder, 62 Mo. 147.)

For the foregoing reasons, and without passing on the merits of the case, which, under the circumstances, we must decline to do, we shall affirm the judgment; all the other judges concur.