THE AMERICAN WINE COMPANY, *Appellant*, v. SCHOLER.

1. **Execution Sale,** SETTING ASIDE OF. Where, on inquiry at the office of the sheriff by the attorney of a defendant in an execution, he is informed by a deputy in charge of the office, that the sale of the property levied on, consisting of three hundred and thirty-three shares of stock in a corporation, will take place at twelve o'clock on the day of sale, and subsequently the sale is made in mass at ten o'clock, in the absence of the defendant or his attorney, and without their knowledge and at a great sacrifice of the value of the property, such sale will be set aside, on timely application, on motion of defendant.

2. ————. A court has power over its own process and can set aside an execution sale, on motion, certainly, at or before the return term of the writ.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Krum & Jonas* for appellant.

(1) The motion of respondent is an attempt to state a bill in chancery to set aside a sheriff's sale, but the necessary and essential charges of a bill in equity are not made. Nor could the court obtain jurisdiction of a party not in court without summons and on mere notice. (2) It is only claimed by defendant that the sale is *voidable*. A sheriff, in making a sale under an execution, acts as the ministerial officer of the law, and not as the organ of the court. He is not its instrument or agent (as in case of *judicial* sales), and the court is not the vendor. Bac. Ab. Sheriff, *m*; *Freeman v. Hunt*, 3 Dana, 614; *South v. Maryland*, 18 How. 396; *Griffith v. Fowler*, 18 Vt. 394. A purchaser at sheriff's sale is not affected by any irregularity in the sheriff's proceedings in making sale under an execution, unless he has participated in occasioning it, or there has been some departure from the requirements of the law for some fraudulent purpose.

The irregularity must be such as to render the whole pro-
ceeding a *nullity.* *Draper et al. v. Bryson et al.*, 17 Mo.
71; *Weber v. Cox*, 6 T. B. Mon. 110; *Howe v. Stark-
weather*, 17 Mass. 240; *May v. Thomas*, 48 Me. 397. It
is the policy of the law that the title of purchasers
acquired under execution sales shall be maintained, and
a sale may be valid though the statutory requirement
may not have been complied with by the sheriff in mak-
ing such sales. Freeman on Ex., pp. 566–7, secs. 342, 343;
*Weber v. Cox*, 6 T. B. Monroe, 110; *Howe v. Starkweather*,
17 Mass. 240; *Lenox v. Clark*, 52 Mo. 115; *May v.
Thomas*, 48 Me. 397; *Little v. Zunzts*, 2 Ala. 260. A
sale of personal property under execution, if fair, and
the execution be valid, carries to the purchaser the title
and right of the debtor to the property, if the purchaser
himself is not in fault. *Hamilton v. Shrewsbury*, 4
Rand. 427; *Ponder v. Mosely*, 2 Fla. 207; *Hobein v.
Murphy*, 20 Mo. 447; *Lenox v. Clark*, 52 Mo. 115; *Law-
rence v. Speck*, 2 Bibb. 40; *Pollard v. King*, 63 Ill. 36;
*Curd v. Lackland*, 49 Mo. 451; *Smith v. Randall*, 6 Cal.
47; *Houck v. Cross*, 67 Mo. 151. (3) The sale was not
void by reason of any custom to sell personal property
at twelve o'clock instead of ten o'clock. It is the statute
that controls the sale, not custom. (4) Inadequacy of
price was no ground for setting aside the sale, and there
are no circumstances connected with the sale to raise the
presumption of fraud. *Hannibal v. Brown*, 43 Mo. 294;
*Boyd v. Ellis*, 11 Ia. 102; *West v. Davis*, 4 McLean,
241; *Dutcher v. Leake*, 44 Ill. 398; *Cohen v. Wagner*, 6
Gill & Johnson, 236; *Nesbit v. Dallam*, 7 Gill & John-
son, 494. (5) Circumstanced as the stock was, the sheriff,
who, in legal contemplation, was the agent of both the
plaintiff and defendant, exercised his discretion wisely in
selling the stock *en masse*. *Rector v. Hartt*, 8 Mo. 460;
*Hammond v. Scott*, 12 Mo. 8; *Lisa v. Lindell*, 21 Mo. 133.
There is a total failure of evidence to sustain the action
of the trial court, and this court will, in such case, inter-
fere with finding on the evidence. *Hearne v. Keath*, 63

Mo. 88; *Douglass v. Orr*, 58 Mo. 575; *Schmieding v. Ewing*, 57 Mo. 83.

*Kehr & Tittmann* for respondent.

(1) The proceeding to set aside the sheriff's sale by motion was proper. *Hicks v. Perry*, 7 Mo. 346; *Clamorgan v. O'Fallon*, 10 Mo. 112; *Nelson v. Brown*, 23 Mo. 13; *Ray v. Stobbs*, 28 Mo. 35; *Parker v. Ry.*, 44 Mo. 415; *Malloy v. Batchelder*, 69 Mo. 503. (2) A motion to set aside an execution sale being a proceeding at law, the appellate court will not weigh the evidence. *Holden v. Vaughan*, 64 Mo. 588. (3) The levy was oppressive. *Silver v. McNeil*, 52 Mo. 518. (4) The levy was not in conformity with the statute, nor does it describe or identify the shares. *Foster v. Potter*, 37 Mo. 525; Freeman on Executions, §§ 348, 290. (4) The execution defendant having been misled by the assurance given his attorney by the deputy sheriff as to the hour of sale, and his property having been sacrificed in consequence of it, the sale should be set aside. Rorer on Judicial Sales, 1099; *State, etc., v. Moore*, 72 Mo. 285; *Parker v. Ry.*, 44 Mo. 415; *Stevenson v. Potter*, 45 Mo. 358. (5) If a sheriff can see that property is about to be sacrificed, he is not bound to accept a bid, but should delay or adjourn the sale. *Conway v. Nolte*, 11 Mo. 74; *Shaw v. Potter*, 50 Mo. 281; *Good v. Crow*, 51 Mo. 212; *Strowbridge v. Shaw*, 52 Mo. 21; *State, etc., v. Moore*, 72 Mo. 285. (6) The stock, consisting of three hundred and thirty-three shares, was sold *en masse*, whereas it should have been divided and sold separately or in parcels. *Rowley v. Brown*, 1 Bin. 62; *Rector v. Hart*, 8 Mo. 461; *Kelly v. Hurt*, 61 Mo. 463; *State, etc., v. Yancy*, 61 Mo. 331; *Bouldin v. Ewarts*, 63 Mo. 331. (7) The price bid is so grossly inadequate as to make it unconscionable to permit the sale to stand. *Nelson v. Brown*, 23 Mo. 13; *H. & St. Joe. Ry. v. Brown*, 43 Mo. 294; *Mechanics' Bk. v. Pitt*, 44 Mo. 364; *Parker v. Ry.*, 44 Mo. 415; *Mitchell v. Jones*, 50 Mo. 438.

The American Wine Company v. Scholer.

PER CURIAM.—The American Wine Company recovered judgment in the St. Louis circuit court against Scholer, on the fourteenth of November, 1881, for $5,739.71. Execution was issued upon this judgment, by virtue of which the sheriff levied upon three hundred and thirty-three shares of stock in the American Wine Company, as the property of Scholer, and on January 4, 1882, sold the same to Cook for ten dollars per share. On the return day of the execution, the defendant therein filed a motion to set aside the sale, which was sustained by the court, and a *venditioni exponas* ordered. The plaintiff and Cook were duly notified of the motion to set aside the sale. They appealed from the order of the circuit court. The court of appeals affirmed the judgment, and they appealed to this court. The evidence shows that the sale took place at ten o'clock a. m.; that defendant's attorney had made inquiry at the sheriff's office, and was told by a deputy in charge of the office, that the sale would not take place until twelve o'clock, and that he could rely upon that.

Defendant desired to appeal from the judgment against him, and at ten o'clock on the day of sale went before the court, prepared to file his appeal bond, when he was notified the sale was then progressing. His attorney at once went out and found the sale had just been made. At ten o'clock a. m.,-Mr. Haeussler, in passing to the court room, found two deputy sheriffs selling the stock, when he remarked to them that it was not right to sell the stock at that hour, and that he was sure parties desired to be present who would not be there until twelve o'clock. He then passed on into the court house, and there met the sheriff and made substantially the same statement to the sheriff, coupled with a request to him to stop the sale. Within a few minutes, and before the sheriff received the money, and before he had taken any steps to transfer the stock, he was notified of what the deputy had said to the defendant's attorney. The deputy

sheriff who cried the sale shows that the three hundred and thirty-three shares were sold in a lump, and that shares of stock were not usually sold at that hour. Other witnesses say there was a custom to sell at twelve o'clock, and others say there was no such custom, so that the matter of custom may be left out of the case. The stock so sold at ten dollars per share was valued at seventy-five to one hundred dollars per share.

The defendant was endeavoring to perfect his appeal from the judgment upon which the execution was issued, and under such circumstances had a right to know from the sheriff at what hour he would make the sale, and had a right to rely upon such information when he received it. It appears he did so, and as a result three hundred and thirty-three shares, worth, at least, $20,000, were hastily sold in a lump for $3,330. That the plaintiff was misled, and a large amount of property sacrificed, is clear enough. We do not conclude that the sheriff intended to bring about such a result, but it did come about, from his design to sell at ten o'clock, and the assurance of the deputy that the sale would not be made until noontime. That the sale, under such circumstances, ought not to stand, when, as here, a timely application is made to vacate it, is too clear to admit of much argument. The court had complete control over its own process, and was possessed of ample powers to set aside the sale. Certainly so at or before return term of the writ. *Ray v. Slobbs*, 28 Mo. 35; *Nelson v. Brown*, 23 Mo. 13; *Downing v. Still, Adm'r*, 43 Mo. 321.

Judgment affirmed.