WILLIAM LOWE, Defendant in Error, v. M. HENRY SMITH, Plaintiff in Error.

Kansas City Court of Appeals, June 28, 1886.

1. JUDGMENT—MOTION FOR SATISFACTION—CONCLUSIVENESS OF AS TO PARTIES—CASE ADJUDGED.—Where, in an action of replevin, judgment was rendered for the defendant for the value of the property, this was a solemn adjudication that the damages awarded to defendant were owing and belonged to him. A motion at law, for satisfaction of such judgment, as in this case, on the ground that another party was equally interested in it, and had a right to collect it, is inconsistent with the judgment, and should be denied.

2. ——— INTEREST IN JUDGMENT—CHARACTER OF PROCEEDINGS ASSERTING IT.—Even if such interest in a judgment exists in fact, as by virtue of being a partner with the party recovering it, the *methods* resorted to in this proceeding are not admissible. After the collection of judgment there might be an equitable proceeding, as for an adjustment of partnership accounts. But no such equitable matters are cognizable under a motion like this, on the law side of the court.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Reversed and remanded with directions:*

Statement of case by the court.

This is a proceeding by motion to have an execution returned satisfied. In 1880 there was pending in the circuit court of Johnson county an action of replevin wherein

the defendant in error, William Lowe, was plaintiff, and plaintiff in error, M. Henry Smith, was defendant, for the recovery of certain goods. The plaintiff Lowe having failed to prosecute his said action with effect, judgment was rendered therein in favor of defendant Smith for the value of the property, assessed at the sum of $254.10, and for costs. In January, 1882, execution issued on said judgment, returnable to the February term of said circuit court following. On the return day Lowe filed his motion to have said execution returned satisfied, on the ground that the same had been fully paid. On the hearing of this motion the following facts, in substance, were developed: One Morgan and said Smith, prior to the dates aforesaid, had formed a co-partnership for the purpose of selling goods at the town of Warrensburg, in Johnson county. Morgan put in so many goods, then on hand, and Smith furnished so much cash capital. Morgan afterwards attempted to give the plaintiff Lowe a mortgage on these goods, out of which grew the replevin suit above named.

When the execution in question came to the hands of the sheriff, Lowe wanted him to stay the levy thereof, and, in order to indemnify the sheriff, gave him a check for the amount of the judgment, but on written stipulation that the sheriff was to hold the same until the determination of the motion herein. On rendition of the judgment aforesaid, Lowe and Morgan got together, and, under the claim that Morgan was a partner of Smith's and interested in said judgment as partner, Lowe gave his check payable to Morgan for the amount of the judgment, which was assigned over at once to Lowe's attorney, to be held by him subject to the determination of this motion. While Lowe and Morgan testified that the check could be collected at any time, yet the fact is quite apparent, from all the circumstances and evidence, that Lowe claimed that Morgan was owing him, and that this arrangement was to settle the debt between them, if Lowe succeeded in this motion, and, further, that

Morgan was joining Lowe in this matter to prevent the money from going into Smith's hand unless Smith would come to terms with Morgan touching the settlement of the partnership affairs.

The court sustained the motion, and the sheriff, in accordance with the action of the court, returned the execution satisfied.

Smith prosecutes this writ of error to reverse the action of the circuit court.

SAMUEL P. SPARKS, for the plaintiff in error.

I. The whole proceeding was anomalous. The matters adjudicated were purely of equitable cognizance and could not be determined in a motion at law. *Holden v. Vaughan*, 64 Mo. 588; *Phillips v. Nimrick*, 64 Mo. 17; *Hull v. Sherwood*, 59 Mo. 172. The purpose of the motion was to secure the specific performance of a particular act, which could only be administered in equity. 1 Story on Equitable Jurisprudence, section 716.

II. The evidence offered to impeach the judgment, by showing that it was not the individual judgment of Smith, was improperly admitted. This could only have been done in a proper case, by a direct proceeding. *Dilworth v. Rice*, 48 Mo. 124; *Mervine v. Parker*, 18 Ala. 241; Freeman on Judgments, sect. 290.

III. The attempt of Morgan to satisfy the execution was nothing more than an application of a partnership debt to the payment of his individual debt to Lowe. This *could not be* done without the consent of Smith. Story on Part., sect. 132; 3 Kent's Com. 42; *Flanagan v. Alexander*, 50 Mo. 50; *Ackley v. Stacklin*, 56 Mo. 558; *Hilliker v. Francisco*, 65 Mo. 598; *Forney v. Adams*, 74 Mo. 138.

IV. The agreement, which the sheriff Shaw entered into with Lowe, respecting the check, was unlawful. He had but *one duty;* obey the writ by collecting the money.

V. Where one partner, in fraud of his co-partners,

and in collusion with the defendant, executes a release for the purpose of preventing them from enforcing a just demand, the defendant will not be allowed to plead this release as a defence to an action against him. 1 Lindley on Part. (1 Y. &. J. 362); *Canal Co. v. Gordon,* 6 Wall. (U. S.) 561.

O. L. HOUTS, for the defendant in error.

I. The court, sitting as a trier of fact, in an action at law, found the issues for defendant in error, and this court will not disturb the finding. And as no declarations of law were asked, *there is nothing to review.* *Easley v. Elliott,* 43 Mo. 289; *Harrison v. Bartlett,* 51 Mo. 170.

II. There was no attempt to impeach the judgment, or show that Smith had no interest in it; but the evidence was for the purpose of showing that Morgan was a partner of Smith and had an interest in the judgment; and authorized to receive payment that would operate as a release. Freeman on Judgments. (Ed. 1873) sects. 462, 175; *Strong v. Phœnix Ins. Co.,* 62 Mo. 295.

III. Partners stand in the relation of co-obligees, and one obligee cannot sue without joinder of his co-obligee as plaintiffs. And one of them could release the whole demand, after suit as well as before. *Henry v. Mt. Pleasant Township, Bates Co.,* 70 Mo. 500; *Ryan v. Riddle,* 78 Mo. 521.

IV. The finding of the court is conclusive that the receipt of payment and release, by Morgan, was not an application of partnership funds for the payment of an individual indebtedness from Morgan to Lowe. And payment by check or note will operate as a satisfaction of a judgment. Freeman on Judgments (Ed. 1873) sect. 463; *Weston v. Clark,* 37 Mo. 568.

V. The nature of the proceeding is the proper one under the circumstances. Plaintiff in error appeared to the action and is bound by the determination thereof.

Courts always have control of their process to prevent injustice.

PHILIPS, P. J.—The bare statement of this case condemns the action of the lower court. We can discover neither precedent nor authority to support it. The judgment on which the execution issued was a solemn adjudication, by a court of competent jurisdiction, that the damages awarded Smith were owing and belonged to him. A motion, at law, for satisfaction of this judgment, on the ground that another party was equally interested in it, and had a right to collect it, is inconsistent with the judgment, and should have been denied. Freeman on Judgments, section 290. As said by Parsons, J., in *Mervine v. Parker* (18 Ala. 241–2): "The recovery of a judgment is equally conclusive against the defendant that the money is legally due to the plaintiff, and not to another, and if the defendant assumes to pay it to a third person, upon the idea that such third person is beneficially entitled to receive it, he acts at his peril, and, at law, he cannot claim to be credited with such payments, in opposition to the legal rights of the plaintiff, even if equity would afford him relief."

Respondent cites Freeman on Judgments (section 462), in support of the proposition that it is the duty of a defendant in execution, when he becomes advised of the fact that the judgment was rendered for the use of another, other than the plaintiff, he should make payment to the real party in interest. An examination of the adjudicated cases, cited in support of the text, would have satisfied counsel that the principle announced has no application to the facts of this case.

Neither the record nor the fact *in pais* show that this judgment was rendered to the use of Morgan. On the contrary, Morgan was a witness on the trial of the issue in the replevin suit, in antagonism to the defendant Smith, and testified that the goods in fact be-

longed to Lowe. And now, after Smith has prevailed in that contention, for Morgan to interfere and undertake to claim the right to satisfy Smith's judgment, on the ground that the recovery was for his joint benefit, is as contradictory in law as it is reprehensible in morals.

If, in fact, Morgan has such interest, as he claims, by virtue of being a partner of Smith's, the methods resorted to in this proceeding are not admissible. He could, after collection of the judgment by Smith, have had an accounting in an equitable proceeding, as for an adjustment of partnership accounts. No such equitable matters are cognizable under a motion, like this, on the law side of the court. *Holden v. Vaughan et al.*, 64 Mo. 588. Indeed, the fact is most palpable on the face of this whole proceeding that it was a play of jugglery to coerce Smith into a settlement of the partnership affairs between him and Morgan, and to enable Lowe to get rid of Smith's judgment against him by settling a claim he held against Morgan individually. The sheriff is deserving of censure for lending himself to any such patent scheme.

The judgment of the circuit court is reversed, and cause is remanded with with directions to the circuit court to deny the motion of Lowe, and to set aside the return of the sheriff showing satisfaction of the judgment. All concur.