DeGiverville v. Legg.

---

MARY V. K. DeGiverville, Appellant, v. Jerome B. Legg, Respondent.

St. Louis Court of Appeals, March 22, 1892.

Contract: TERM "TAXABLE YEAR." The expression "taxable year of 1890," in an agreement in relation to the lease of land, whereby each party bound himself to pay a fixed proportion of the taxes on the land for that year is *held* to mean the fiscal year beginning June 1, 1889.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel D. Fisher, Judge.

Affirmed.

*Lionberger & Shepley*, for appellant.

The words, "taxable year of 1890," are to be construed to mean the calendar year 1890, and, therefore, the taxes ought to be divided between the parties in proportion as they respectively had possession during said calendar year. The taxes for the year 1890 amounted to $775.27. The defendant had possession during seven and one-half months of the calendar year 1890, and, therefore, ought to be required to pay seven and one-half twelfths of said amount, or $484.54. *State v. Macklin*, 41 Mo. App. 335–341.

*E. W. Banister*, for respondent.

In this state the taxable or fiscal year begins the first of June in one year and continues till the first of the succeeding June. The words "taxable year" used in the collateral agreement mean the year from June 1, 1889, to June 1, 1890. Respondent had possession of the premises for fifteen days only during the taxable year of 1890, his proportion of the taxes for the taxable year 1890 amounted to $36 ; hence, the judgment of the trial court is not erroneous. R. S. 1889, secs. 7569, 7552, 7531 ; *State ex rel. v. Macklin*, 41 Mo. App. 335 ; *McLaren v. Sheble*, 45 Mo. 130 ; *Blossom v. Van Court*, 34 Mo. 390 ; *Glasgow v. Rowse*, 43 Mo. 478.

BIGGS, J.—This is an action to recover from the defendant $484.54, this amount being fifteen-twenty-fourths of the taxes for the year 1890 against certain real estate in the city of St. Louis. The plaintiff's cause of action grows out of the following written contract, signed by the parties :

"Collateral agreement to a lease, dated the fifteenth day of May, 1890, whereby Mary V. K. DeGiverville leased a lot of ground on the corner of Sixth and Locust streets to John O'Day and Jerome B. Legg.

"These presents, of even date with the lease afore-said, witness:

"That it is distinctly understood and agreed by all the parties to said lease that nothing in said lease contained shall require the lessor to pay taxes assessed against said property for the year 1890, but that said taxes shall be apportioned between said lessor and said lessees as of the fifteenth day of May, 1890; that is to say, the entire tax for the year 1890 shall be paid by the lessor and lessees in the proportion that each of said parties has had possession of said premises during the taxable year of 1890 for the purposes of this agreement; it being taken that the lessees have had possession of said premises since the fifteenth day of May, 1890.

"The taxes assessed and leviable against said property from and after the first day of June, 1890, shall be paid by the lessees exclusively."

The taxes against the property mentioned amounted to $775.27, which, it is admitted, the plaintiff paid in January, 1891. Of this amount the defendant admitted that he owed $36, which amount he tendered before suit, and the tender was kept good after suit by a deposit in court of the amount. These facts were conceded on the trial. The case was tried before the court without a jury, and a judgment was entered for $36 in plaintiff's favor, but the court adjudged the costs against her. From that judgment she has appealed.

The plaintiff contends that the words, "taxable year 1890," ought to have been construed by the circuit court to mean the calendar year of 1890, thereby making the defendant liable for fifteen-twenty-fourths of the taxes; whereas the defendant's contention is that the words mean a fiscal or taxable year, and that, as the taxable year of 1890 ended on the first day of June, 1890, and his lease began on May 15, he was only liable for one-twenty-fourth of the taxes. This is the question of difference between the parties. The court received,

subject to objection, evidence offered by the plaintiff to the effect, that the parties contracted in reference to the calendar year, 1890, and that it was understood at the time that the defendant was to pay fifteen-twenty-fourths of the taxes. The defendant testified to the contrary. No declarations of law were asked or given, and there are no exceptions as to the admission or rejection of evidence.

The plaintiff complains of the action of the court in refusing to consider the oral evidence introduced by her, tending to show the circumstances under which the contract was made and the purposes of the parties at the time, in order to get at the real meaning of the parties as evidenced by the contract. The answer to this objection is that there is nothing in the record to show that the court did not consider the evidence. However, if the idea of the admissibility of this evidence be adopted, it will result disastrously to the plaintiff's appeal; because, if the contract is to be interpreted by the aid of the extraneous matter, the interpretation placed on it by the circuit court must be adopted for the reason that the oral evidence was conflicting, and, as there were no declarations of law, we must assume that the judgment of the court was the result of a finding adverse to the plaintiff upon a controverted question of fact, which finding we cannot review. *Mead v. Spalding*, 94 Mo. 47; *Allum v. Arnold*, 27 Mo. 264; *Easley v. Elliott*, 43 Mo. 289; *Delaureal v. Kemper*, 9 Mo. App. 79; *Weilandy v. Lemuel*, 47 Mo. 322; *Miller v. Breneke*, 83 Mo. 163.

But, in our opinion, the writing is without ambiguity. There is such a thing in this state as a taxable year, about which there can be no controversy, when the statutes concerning the assessment and collection of the public revenue are considered. Section 7569, Revised Statutes of 1889, reads: "Every person owning or holding property on the first day of June, including all such property purchased on

that day, shall be liable for taxes thereon for the ensu-
ing year." Sec. 7552. " Real estate shall be assessed
at the assessment, which shall commence on the first
day of June, 1881, and shall only be required to be
assessed every two years thereafter. Each assessment of
real estate so made shall be the basis of taxation on
the same for two years next succeeding." These sec-
tions clearly establish what may be designated as a
taxable or fiscal year, beginning on the first day of June
in each year. The supreme court of the state has recog-
nized this in several decisions. The court said in
*McLaren v. Sheble*, 45 Mo. 130 : " According to the
rule laid down in *Blossom v. Van Court* (34 Mo. 390),
the defendant being the owner and occupier of the
premises on the first Monday of September, 1866, was
liable for the taxes of the *fiscal year beginning at
that date*," etc. Judge WAGNER, in *Glasgow v. Rowse*,
43 Mo. 479, in discussing a question arising under the
revenue law, used this language : "The word 'year,'
as used in the law, necessarily had reference to either
a calendar or *fiscal year*. Unless otherwise expressed,
the word 'year' will always be intended to mean a
'calendar year ;' but, when applied to matters of rev-
enue, the presumption is in favor of its referring to a
fiscal year." We only quote from these cases to show
that the courts of the state have recognized that, for
the purposes of assessment, there is such a thing as
a taxable year, and that it is definitely fixed by statute.
The taxable year for 1890, under our present revenue
law, began on the first day of June, 1889, and ended on
the first day of June, 1890, which makes the contract
between the plaintiff and the defendant in respect to
their respective liabilities for the taxes for the year 1890
definite and certain. When the language employed in
a writing is susceptible of a definite legal construction,
there is no ambiguity.

In *State ex rel. v. Macklin*, 41 Mo. App. 335, 342,
we held that, when taxes for a certain year were spoken

of, reference was necessarily had to a calendar year. We did not decide that for assessment purposes there could not be a taxable year. The subject is treated in the opinion in this way: "There is, therefore, no other tax known than a tax for a calendar year, when reference is made to a tax for a certain year. It results from this that, when reference is made to taxes for two consecutive years immediately preceding an election, the term has reference to the calendar years preceding the year in which the election takes place." In addition to this it may be added that the opinion of this court in the *Macklin case* cannot be regarded as authority. The supreme court in the case of *State ex rel. Macklin v. Rombauer*, 104 Mo. 619, decided that we had no jurisdiction of the *Macklin case*, and, consequently, our opinion in that case must be treated as a nullity.

We, therefore, conclude that the circuit court correctly construed the written contract, and that its judgment must be affirmed. All the judges concur.