WARDER-BUSHNELL-GLESSER COMPANY and ROBERT SHELTON, Purchaser, Appellants, v. MICHAEL J. ALLEN, Respondent.

Kansas City Court of Appeals, November 18, 1895.

1. **Appellate Practice**: TRIAL WITHOUT INSTRUCTIONS : WEIGHING EVIDENCE. An appellate court will not pass upon the weight of evidence nor determine its credibility and value when conflicting; and where the trial is before the court without instructions, there is nothing to review.

2. **Execution**: SETTING ASIDE SHERIFF'S SALE : INADEQUACY OF PRICE. Mere inadequacy of price will not warrant setting aside a sheriff's sale; but where the inadequacy is gross, there must be strict regularity in the proceedings.

3. ———— : ———— : ———— : HOMESTEAD. Where the execution defendant is not apprised of his homestead rights and does not understand that his land was advertised and would be sold, but to the contrary, and it is sold for a grossly inadequate price, the court, by virtue of its inherent power to control its own process and prevent its misuse and abuse, may set aside the sale.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*W. C. Ellison* for appellant.

(1) The circuit court was not justified in setting aside the sale of the land on the ground of inadequacy of the price paid by appellant Robert Shelton. *Knoop*

*v. Kelsey*, 121 Mo. 642; *Briant v. Jackson*, 99 Mo. 585. (2) Was there any good cause for setting the sale aside on the ground that Allen was not properly notified of his exemption rights? The evidence on this point is brief and clear. Unless the officer is required to memorize and repeat the words of the statute, or to take a copy along and read it to the execution debtor, there can be no criticism of what was done in this case. He told him in a general way, that he was entitled to certain articles of personal property, and to $1,500 worth of real estate, and Allen assured the officer that he would not take advantage of his exemption rights. That amounts to a waiver. 2 Herman on Estoppel p. 962; *Hombs v. Corbin*, 20 Mo. App. 497, *loc. cit.* 507; *Crisp v. Crisp*, 86 Mo. 630. (3) But is a motion to vacate a levy an appropriate proceeding to try the debtor's claim that property seized is exempt from levy? Such rights should be determined in an independent suit. *State v. Bierwirth*, 47 Mo. App. 551; 2 Freeman on Executions, sec. 271.

*P. L. Growney* and *E. A. Vinsonhaler* for respondent.

(1) Under the ruling in the case of *Holden v. Vaughn*, 64 Mo. 588, there is nothing to review here, except the question of jurisdiction, for no instructions were asked or given, nor was there a finding of facts in writing by the court. *Miller v. Breneke*, 83 Mo. 164. (2) That the trial court had jurisdiction upon motion, at the return term of the writ, to set aside this execution sale is sustained by an unbroken line of precedents from the case of *Hicks v. Parry*, 7 Mo. 346, to *Finke v. Craig*, 57 Mo. App. 393. (3) In the case of *Mellier v. Bartlett*, 89 Mo. 134, the question was one of failure to notify debtor of exemption rights and there is therein no suggestion of lack of jurisdiction. *McKee*

*v. Logan,* 82 Mo. 524, 528; *Wine Company v. Scholer,* 13 Mo. App. 345; affirmed in 85 Mo. 496; *Ray v. Stobbs,* 28 Mo. 35.

SMITH, P. J.—This is a motion to set aside a sale of real estate under execution, on the ground that the sheriff failed to notify the defendant of his homestead rights under the statute, gross inadequacy of price, etc.

The evidence was conflicting, and no instructions were asked or given. It has been established by long and unbroken line of adjudications in this state, that, in actions at law, where the evidence is conflicting and there are no instructions, it will be assumed by the appellate court that the judgment of the trial court was the result of a finding adverse to the appellant, or plaintiff in error, on a controverted question of fact, which finding the former can not review. *Mince v. Scholer,* 13 Mo. App. 588; *DeGiverville v. Legg,* 48 Mo. App. 573; *Holden v. Vaughan,* 64 Mo. 588; *Weilandy v. Lemuel,* 47 Mo. 322; *Garneau v. Herthel,* 15 Mo. 191; *Irwin v. Riddleberger,* 29 Mo. 340; *Miller v. Breneke,* 83 Mo. 163; *Taylor v. Cayce,* 97 Mo. 242; *Anderson v. Griffith,* 86 Mo. 549. According to these citations, the appellate courts will not pass upon the weight of the evidence, nor determine its crebibility and value when it is conflicting. The application of these rules to the case presented by the record before us necessarily disposes of the appeal.

But, assuming for the nonce that it is our duty to examine and weigh the evidence contained in the record, still we are unable to condemn for error the action of the trial court in overruling the motion. It is in effect conceded that the forty acre tract of land which the sheriff sold under the execution, while bringing but $12.50, was well and reasonably worth $1,000. It is true that courts will not set aside the sale of land

under execution, on the ground of mere inadequacy of price. *Knoop v. Kelsey*, 121 Mo. 642; *Briant v. Jackson*, 99 Mo. 585. But when the inadequacy is gross, there must be strict regularity in the proceedings, or the sale will not be allowed to stand. *Nelson v. Brown*, 23 Mo. 13; *Bank v. Pitt*, 44 Mo. 364; *Parker v. Railroad*, 44 Mo. 415; *Mitchell v. Jones*, 50 Mo. 438; *Wagner v. Philips*, 51 Mo. 117; *Mince v. Scholer*, 85 Mo. 496.

In the present case a tract of land was sold for one eightieth of its conceded value. Undoubtedly there must have been some misunderstanding or irregularity in the proceeding by the officer under his writ, or the land would not have been so sacrificed. The inference to be deduced from the testimony of the execution defendant is that he was not fairly dealt with by the officer in whose hands the execution was; that he was misled by the assurances of such officer; that he was not apprised of his homestead rights, or of the fact that his land would be sold. The officer, however, testified to the contrary. It is certain there was some talk between them, but just what was stated, they are not agreed. It appears at least clear from all the circumstances, that the execution defendant did not understand that his land was advertised, or would be sold, but to the contrary. Every court is invested by law with the inherent power to control its own process and to prevent the misuse or abuse thereof. *Ray v. Stobbs*, 28 Mo. 35; *Downing v. Still*, 43 Mo. 309; *Wine Company v. Scholer*, 85 Mo. 496; *Finke v. Craig*, 57 Mo. App. 393.

We think the sale, whether so intended or not, was a result of the abuse of the process under which it was made and the court below could not do less than set the same aside.

The judgment will be AFFIRMED. All concur.