J. C. BROOKS, Administrator, etc., Appellant, v. BENJ. L. HOLT, Respondent.

Kansas City Court of Appeals, March 23, 1896.

1. **Appellate Practice**: INSTRUCTIONS: EVIDENCE: EXCEPTIONS. In a trial before the court without instructions or exceptions to evidence, the judgment will be affirmed if it can be upheld on any theory of law applicable to the facts.

2. **Evidence**: RECEIPT: PRESUMPTIONS. A receipt of money on notes in the absence of evidence to the contrary may be inferred to be on the note in suit between the parties.

3. ————: POSSESSION: NOTE: PRESUMPTION. Possession of a note at the time of death is the presumption of ownership by the decedent, yet it is rebuttable by undisputed testimony that shows a payment.

*Appeal from the Andrew Circuit Court.*—HON. WM. S. HERNDON, Judge.

AFFIRMED.

*P. Mercer* for appellant.

The defense in this case is payment, and the burden of proving such alleged payment is on the defendant. *Yarnell v. Anderson*, 14 Mo. 619; *Brown v. Morgan*, 56 Mo. App. 382; *Mfg. Co. v. Henry*, 44 Mo. App. 263. The receipt for $400 dated February 20, 1886, offered in evidence by defendant is not evidence of a payment on either of the notes sued on.

*Booher & Williams* for respondent.

(1) No declarations of law were asked by plaintiff and there is no legal question before this court. *Thies v. Garbe*, 88 Mo. 146; *Hammons v. Renfrow*, 84 Mo. 332; *McHugh v. Meyer*, 61 Mo. 334. (2) There was evidence introduced tending to prove payment and the appellate court will not weigh evidence or review the finding of the trial court on the facts. This rule is well established. *Krider v. Milner*, 99 Mo. 145; *Swayze v. Bride*, 34 Mo. App. 414; *Coquard v. Wernse*, 100 Mo. 137.

SMITH, P. J.—The plaintiff, who was the administrator of the estate of Silas J. Scott, deceased, brought suit against the defendant on two promissory notes made to the said Scott in his lifetime. The defense interposed by the answer was that of payment. There was a trial before the court, without the intervention of a jury, resulting in a judgment for plaintiff for $13.25, from which said judgment the plaintiff appealed.

There were no instructions requested or given, nor were any exceptions taken and preserved to the admission or rejection of evidence; so that it follows that if the judgment can be upheld by us on any theory of law applicable to the facts which the evidence tends to prove, it will be affirmed.     *Wagner v. Furniture Co.,* 63 Mo. App. 206.

The defendant contends that on the twentieth of February, 1886, he paid the deceased the sum of $400, on the note described in the second count of the plaintiff's petition.     The plaintiff concedes that the defendant paid the deceased that amount, but insists that the evidence does not show that it was paid on the note in question.     There was a receipt of deceased produced in evidence, dated February 20, 1886, which acknowledges the payment by defendant "of four hundred dollars on notes."     As to what notes are referred to in the receipt, it is left uncertain.     If the deceased then held notes of the defendant other than those sued on, and those secured by the mortgage paid off by Mr. Williams, it is strange the plaintiff did not adduce some evidence of that fact.     As no other notes than those just referred to were shown to have been owing to deceased by the defendant, at the time of the payment of the four hundred dollars evidenced by the receipt, the inference may be fairly drawn that the payment was on them, though not credited thereon.     Besides this, it is shown by the testimony of Mr. Williams that in 1888 he negotiated a loan for defendant on his real estate for $2,300, out of which was paid to the deceased all the indebtedness he claimed to have against defendant.

The possession of the note by Scott at the time of his death, with no such credit indorsed thereon, is a circumstance that greatly tends to support the plaintiff's insistence.     Yet it clearly appears from the undisputed evidence that the defendant made a payment of $400

to the deceased and it is equally clear that it nowhere appears that the defendant received credit for that amount on any obligation of his to deceased.

We can not, therefore, say that there is no evidence presented by the record tending to show that the defendant made the payment claimed. The trial court was intrusted with both facts and the law and we must assume in a case like this the facts to be as that court found them. *Wardner v. Bushnell,* — Mo. App. —; *Glassner v. Allen,* 63 Mo. App. 456.

The judgment will be affirmed. All concur.

