Garneau vs. Herthel.

GARNEAU, RESPONDENT, VS HERTHEL, APPELLANT.

1. The supreme court will not interfere with a judgment, upon the ground, that the court rendering it, has granted or refused a new trial, because of the verdict's being against evidence, or against the weight of evidence.

2. A person who employs the slave of another, without the master's permission, to perform labor for him, which exposes the life of the slave to danger, must bear the consequences of such engagement; and if the slave is killed by the effects of the business or employment in which he has been engaged, without his master's permission, the person so employing him, must pay his value to the master.

## APPEAL from St. Louis Court of Common Pleas.

### WRIGHT, for appellant.

I. The respect which this court judiciously entertains for the verdict of a jury in a civil case, becomes valueless when a blunder is manifest.

A reversal would not have been urged on this ground. but from the conviction, sincerely entertained, that the appellant has been sacrificed for his ignorance of English. It is certainly the duty of every adopted citizen to learn our language, but I know no law which authorizes us to teach them in this way.

II. The question presented by the motion in arrest of judgment, is an important one.

Will the employment of a slave, without the consent of the master, irrespective of the question of neglect or care, render the employer responsible for all consequences, immediate or remote, direct or consequential? The petition is based solely on employment without consent. It is not alleged that the business was dangerous to life or limb—much less that the defendant knew it to be so. There is a total absence of all averments, charging any laches or want of care on the part of the defendant.

III. It is further abundantly established by the testimony, that the defendant is a German, ignorant of our language, and was in the habit (common among Germans in such case) of answering "yes" when accosted, either through ignorance of what is said, or of the precise import of that monosyllable in our language.

### TODD & KRUM; for respondent.

I. No instructions having been asked by the defendant, (appellant here,) and no exceptions having been taken by him, to the instructions given by the court below, the supreme court will not consider the facts in the case nor review the verdict of the jury. 9 Mo. Rep. 48–9; ib. 291; ib. 355; 10 ib. 512; 1st part 13 ib. 16. See case of Britton vs. Cockran, decided at last term.

II. Even were this court disposed to depart from its well established rule in cases like this, and should review the testimony, another difficulty is presented on the face of the record which is insurmountable. It will be found on an examination of the testimony preserved in the bill that the testimony is conflicting in respect to the facts that were deemed material to establish the defendant's liability, as well as in respect to facts that were deemed material to show that the defendant was not liable. For example, the testimony is conflicting in respect to the

Garneau vs. Herthel.

hiring or employing of the negro.   In respect to the admissions of the defendant, touching his employing the negro, and in respect to the fact whether the defendant understood the Eng-lish language sufficiently to enable him to understand ordinary conversation.

Such being the case. this court will not, we apprehend, undertake to review the facts.  The court and jury before whom the witness appeared at the trial, were in a better position than this court can possibly be, to weigh the testimony and reconcile the parts which conflict with each other.

The jury were fully possessed of the case, both as to the facts and the law, and no excep-tions having been taken to the ruling of the court in its instructions, the verdict of the jury should not be disturbed.

III.  The instructions given by the court, assert correct principles of law upon the facts in this case and were not calculated to mislead the jury, nor can it be said that the jury found against the instructions of the court.   The court therefore, did not err in overruling the de-fendant's motion for a new trial.

IV.  The motion of the defendant, in arrest of judgment. was properly overruled.   There is nothing intrinsic upon the face of the plaintiff's petition, amounting to a defect, which could have been reached by a general demurrer.   This is the test.   The question raised by the de-fendant's motion in arrest of judgment, is whether the facts stated in the plaintiff's petition show *prima facie* a right of action against the defendant.

The petition alleges the enticing of the negro, by the defendant, from the possession of the plaintiff, which is, *ipso facto* a wrong.  It also alleges the employment or use of the negro by the defendant, which is, of itself, a trespass, and by reason of such use, it is alleged. that the negro became lost to the plaintiff.

If these facts are admitted, there is shown, *prima facie*, a right of action against the de-fendant.

The defect complained of, is not a *jeofail* after verdict.   The facts which the defendant now insists should have been stated in the petition, to show a right of action, are so connected with the facts alleged, that the facts alleged could not have been proved without proving those omitted.   The court will, therefore, on a motion in arrest, intend that the facts thus necessa-rily connected, were proved.   1 Saund. 228, note 1; 3 T. Rep. 147; 7 ib. 518; 11 Wend. 374.

GAMBLE, J., delivered the opinion of the court.

The only questions submitted for our consideration are, whether the court of common pleas erred in refusing to grant the defendant a new trial, on the ground that the verdict was against the weight of evidence; and in overruling his motion in arrest of judgment.

The court has become entirely satisfied that the exercise of the pow-er of revising the actions of the different courts of original jurisdiction, upon motions for a new trial, on the ground that the verdict is against evidence or against the weight of evidence, would often produce great injustice.   All persons, familiar with trials, must know that it is uterly impossible to bring before this court, upon paper, a real representation of the trial as it took place.   The manner, the temper, the character of witnesses, as known to the jury, cannot be, spread upon paper; and the words of a witness, in whose testimony neither the jury nor the court had the slightest confidence, will read as well, and appear entitled to the same consideration when written upon the record, as would the

language of the most impartial upright witness in the world. We cannot suppose that the courts, trying causes, are deficient in the firmness necessary to set aside verdicts when they are found, either under the influence of prejudice, or are opposed to the weight of the evidence. We have the confidence which the law entertains, that the judges, attending to the trials as they progress before them, will freely apply the remedy of granting a new trial, in every case where injustice is done by a verdict, found either without evidence or contrary to the weight of evidence. From these considerations, this court will decline interfering with a judgment, upon the ground, that the court rendering it, has granted or refused a new trial, because of the verdict's being against evidence, or against the weight of evidence.

The motion in arrest of judgment, was properly overruled. A person who employs the slave of another, without the master's permission, to perform labor for him which exposes the life of the slave to danger, must bear the consequences of such engagement; and if the slave is killed by the effects of the business or employment in which he has been engaged, without his master's permission, the person so employing him must pay his value to the master. The petition sufficiently charges the fact, that the death of the slave was the consequence of the particular employment in which the defendant, without his master's permission, had engaged him.

The judgment is with the concurrence of the other judges, affirmed.