## OSCAR MARTIN, by Next Friend, Respondent v. WILLIAMS AND SPICER, Appellants.

### St. Louis Court of Appeals, October 7, 1902.

1. **Action on Account: SALE: EVIDENCE: TITLE: INSTRUCTION.** In an action on an account for lumber sold and delivered, plaintiff testified to the facts of the sale and defendants' agreement to pay the price. Defendants' evidence tended to contradict the plaintiff's showing by proof of plaintiff's want of title to the lumber. *Held,* that a request for a peremptory instruction to find for defendants was properly refused.

2. ——: ——: **BURDEN OF PROOF: ERROR.** In such an action to recover the price of goods sold, the burden of proof is upon plaintiff; and where he furnishes testimony to support his case, and the court finds in his favor, no error of law is committed.

3. ——: ——: **WEIGHT OF EVIDENCE: PRACTICE, APPELLATE: COURT: JURY.** In such an action as is described above, the weight of evidence is not reviewable on appeal, even where the cause is tried by the court without a jury.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort,* Judge.

Affirmed.

*Chas. Liles* and *J. R. Young,* for appellant.

(1) Timber growing and standing on land is a part of the real estate and must be disposed of by instruments effectual to convey an interest in real estate, and if respondent did not have title to the timber standing upon the land he could not create title in himself by cutting it down and hauling it away. Anderson v. Costigan, 30 Mo. App. 32; Deland v. Vanstone, 26 Mo. App. 301; Alt v. Grosclose, 61 Mo. App. 412. (2) Where timber is severed from land without right, the title to the timber remains in the owner of the land. Baker v. Campbell, 32 Mo. App. 533; Kelly v. Vandiver, 75 Mo. App. 437.

BARCLAY, J.—This is an action to recover $78 for timber (logs and ties) sold and delivered by plaintiff to the defendants. The statement of claim was in the form of an account filed before a justice of the peace where the case was first tried. It reached the circuit court of Stoddard county by appeal. In that court both parties appeared and went to trial before Judge Fort, sitting as a jury. The result was a finding in favor of plaintiff for $16.40. Judgment was rendered accordingly. Defendant appealed.

Plaintiff to sustain his case testified that he delivered the ties and logs in question to defendants; that they were to pay therefor the prices which plaintiff claimed in his account; but that, upon his demand for payment, defendants refused because the logs had been "stopped" by Mr. Fettinger, representing a lumber company claiming the timber. Plaintiff declared that he had a verbal agreement with Mr. Fettinger which gave him the right to cut the timber in question, and that $5 had been paid for that right.

The defendants introduced considerable evidence which tended to show that the timber in question was cut by plaintiff and his father upon land belonging to the land company which Mr. Fettinger represented, and that plaintiff had no right thereto. This defense was based in part upon a written memorandum, conferring a license upon plaintiff's father, by the terms of which

he was permitted to cut certain timber described, provided the same was removed on or before June 19, 1901. Defendants contended that the timber in question had been cut on the property mentioned in said license, but after the license had expired. They also asserted that some (if not all) of the lumber had been cut upon land of said company other than that mentioned in the license, and without any authority. Considerable oral evidence was submitted by defendants touching the place where the lumber was cut, and the time when it was removed.

It does not seem necessary to state the particulars of the defense more fully. It is sufficient to say that it contradicted the plaintiff's case in many respects.

The bill of exceptions describes what occurred at the close of the evidence as follows:

"The defendants then offered the following instruction:

"'The court declares the law to be that under the pleading and evidence the defendants should recover.'

"The court refused this instruction, to which the defendants then and there excepted at the time.

"The court, sitting as a jury, then found for the plaintiff and rendered judgment for him in the sum of $16.40, to which the defendants objected and excepted at the time."

No instructions were asked on the part of the plaintiff. None was given and none other refused at the instance of defendants.

1. The testimony of plaintiff tended to show a state of facts which would warrant a recovery for the lumber which plaintiff says defendants accepted and agreed to pay him for, at the prices charged in plaintiff's account. His evidence tended to prove a perfected sale. If it stood alone there can be no doubt that the finding of the learned judge was well supported.

The burden of proof was upon the plaintiff to prove his account by competent evidence. Having submitted such evidence the burden was discharged if the court believed plaintiff's story.

If the court did not believe plaintiff's evidence, or found that the facts shown by defendants disproved it, the finding should have been for defendants. But no finding for defendants could be claimed by them, as a matter of law.

The defendants might have submitted to the court an instruction which would present their theory of the defense, and have asked the court's ruling thereon, or, in some appropriate manner, have raised some other issue of law which might be the subject of review. The request for a peremptory instruction in favor of defendants was properly refused. It would have been obvious error for the court, in that state of the record, to declare the law to be "that the defendants should recover." The refusal of that request is the only question of law presented on this appeal, and it must be ruled in favor of the plaintiff.

2.    This is an ordinary action for the recovery of money. It was tried by the court without a jury. This court has no authority to review such a case upon the weight of evidence. That matter was solely for the trial court. Garneau v. Herthel, 15 Mo. 191.

No point is made on the admission or exclusion of any testimony. We have already described the only issue of law which is raised, namely, the refusal of the court to give a binding instruction to find for the defendants. In that ruling there was no error. The finding of Judge Fort in favor of plaintiff appears to imply that he believed the plaintiff's version of the transaction. It is, at least, certain that no error of law has been pointed out in his proceedings, and, hence, the judgment must be affirmed. *Bland, P. J.,* and *Goode, J.,* concur.