## J. E. McKEE, Respondent, v. JOHN W. VERDIN, Appellant.

### St. Louis Court of Appeals, October 21, 1902.

1. **Practice, Appellate: WEIGHT OF EVIDENCE: TESTIMONY.** Where the issue of an action for the recovery of money depends entirely upon the decision of a question of veracity between two adverse parties, an appellate court will not review the findings upon the weight of the evidence, where there is testimony to support the result.

2. **Action for Money Loaned: JURY: PRACTICE, TRIAL: CONSTRUCTION OF STATUTE.** An action to recover money loaned is triable by jury under section 691, Revised Statutes 1899; and where a jury is waived the judge has full power to pass on the weight of the evidence.

3. **Preponderance of Evidence: MEANING OF: TESTIMONY: ISSUE: WITNESSES.** The "preponderance of evidence" means that the testimony on the issue in question appears more credible than the testimony to the contrary. It does not necessarily depend on the number of witnesses.

4. **Burden of Proof.** The burden of proof is on plaintiff in an action for money loaned, but evidence tending to prove his allegations discharges the burden, if credited by the trier of the fact.

### Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*Eugene McQuillin* for appellant.

(1)   This is an action by respondent against appellant, brought before a justice of the peace, to recover $300 alleged to have been loaned by respondent to appellant. The case was appealed to the circuit court. Appellant denied at the trial, and now denies, that the loan was ever made. Judgment was rendered by the

circuit court, a jury being waived, against appellant. Appellant contends that there is no evidence to sustain the judgment. (2) The two rules of law applicable, as stated by the trial judge, are as follows: (a) "The burden of proof is upon the plaintiff (respondent here) to establish the truth of his claim by a preponderance of the evidence; and (b) in cases of this kind where no memorandum of the debt is shown and where everything depends upon the recollection of the parties, the proof of the plaintiff (respondent here) should be clear."

BARCLAY, J.—This is an action begun before a justice of the peace on an account for $300 and interest. Plaintiff charges that defendant borrowed that sum from him, and did not repay it. There was a judgment for plaintiff in the justice's court. Defendant appealed. The cause was tried anew before Judge Spencer, a jury having been waived. The learned judge found for the plaintiff and gave judgment for $307.35 accordingly, expressing his views of the controversy as follows:

"The testimony in this case is directly contradictory. The plaintiff testifies in January, 1900, he was with the defendant on a certain evening in a saloon at Vandeventer and Finney avenues, and while he was eating lunch in a rear room with a Mr. Ghio the defendant came in and said he wanted some money and thereupon the plaintiff handed the defendant $300, for the recovery of which this suit is brought.

"The defendant agrees with the plaintiff in his statement concerning their companionship on the evening in question, but denies that he there requested a loan of plaintiff, or that he received any money from him.

"The burden of proof is upon the plaintiff to establish the truth of his claim by a preponderance of the evidence, and in cases of this sort, where no memorandum of the debt is shown and where everything depends on the recollection of the parties, the proof of the plaintiff should be clear.

"The plaintiff, so far as the evidence is concerned, has thus established his claim. Mr. Ghio positively corroborates him, both as to the fact and amount of the loan which it is alleged was made to the defendant.

"The defendant, while he does not recollect the borrowing of any money from the plaintiff, testifies that he was on this occasion gambling with dice and that he had not more than $75 when he commenced to gamble, and that he played as high as $125 a throw, and that at the close of the playing he had lost $75. He also testified that on other occasions prior to this occasion, he had borrowed of plaintiff various sums in different amounts, once sending a check for $360 in payment of his indebtedness.

"Under these facts, both the positive testimony of the plaintiff and Mr. Ghio, and the corroborating circumstances of the occasion as narrated in the evidence, show that the plaintiff is in all probability right in his recollection of the affair.

"The judgment will be for the plaintiff."

Defendant moved for a new trial, assigning as ground for the motion that the finding was "against the evidence," and "against the overwhelming weight of the evidence." The motion was overruled. Defendant appealed after saving exceptions, in the customary way.

1. The result we reach on the merits of the assignments of error in this court makes it unnecessary to inquire critically into the sufficiency of the grounds taken in the motion for new trial.

The action is an ordinary one to recover money loaned. The case was triable by jury (R. S. 1899, sec. 691). The court sitting as a jury was invested with full power to pass on the weight and credibility of the evidence. No declaration of law was asked and none given. The issue involved was purely one of fact, namely, whether or not plaintiff loaned the money to defendant as the former swore he had done. Defendant's counsel claims that there is no evidence to support the court's finding. On that point (without going

further into the matter) we note the following passage in the report of plaintiff's testimony as disclosed by the official record, viz.:

"Q.  You are plaintiff in this cause?   A. Yes, sir.

"Q.  Do you know the defendant, John Verdin? A.  Yes, sir.

"Q.  Will you please state, if at any time during the month of January, 1900, you advanced him any money?   A.  Yes, sir.

"Q.  You loaned him $300?   A.   Yes, sir.

"Q.  Has he returned any 'part of that money? A.  No, sir.

"Q.  Have you demanded the money of him?   A. Yes, sir.

"Q.  He refused to pay it?   A.  Yes, sir.

"Q.  And he still owes you $300?   A. Yes, sir."

Defendant flatly denied the loan.  The issue was distinctly one of veracity between the parties, and that issue was decided in favor of plaintiff by the learned circuit judge to whom the parties voluntarily submitted the issue.   The testimony above quoted tended to sustain plaintiff's case.   The trial court believed it, as the memorandum accompanying the finding shows.

2.   The burden of proof was upon plaintiff to prove by a preponderance of the evidence the loan alleged.   But plaintiff discharged that burden by offering the testimony quoted and that of another witness in corroboration.   We need not recite the other evidence.   If the learned trial court believed the account of the matter given by plaintiff and his other witness, the burden of proof was discharged.

The preponderance of evidence merely means that the testimony which points to a certain conclusion appears to the trier of fact to be more credible than the testimony to the contrary.   Short v. Bohle, 64 Mo. App. (St. L.) 242.   It does not necessarily depend on the number of witnesses.   The capacity of the submitted testimony to enforce belief on the arbiter to whom it is

submitted is the touchstone of preponderance as applied to the testimony of witnesses.

3.  The weight of the evidence in a case like this is not open to review on appeal. Garneau v. Herthel, 15 Mo. 191; State ex rel. v. Purcell, 131 Mo. 312.

There is no error of law in the record. The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.